Wilbur Blanchard HONEYCUTT,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 04–01–00177–CR.

Court of Appeals of Texas,
San Antonio.

May 15, 2002.

F.B. Harvie, Jr., Nicole Fiori, Novelli, Harvie & Huzinec, P.C., Houston, for Appellant.

Roberto Serna, District Attorney, Eagle Pass, Monica Z. Notzon, Laredo, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

Opinion by: KAREN ANGELINI, Justice.

Wilbur Blanchard Honeycutt, Jr. pleaded guilty to one count of aggravated assault and one count of deadly conduct. Honeycutt appeals, asserting that deadly conduct is a lesser included offense of aggravated assault and thus, the trial court erred in entering judgment on his plea. Honeycutt also challenges the legal and factual sufficiency of the evidence supporting the trial court's judgment. We reverse in part and affirm in part the trial court's judgment.

° FACTUAL AND PROCEDURAL BACKGROUND

Honeycutt was a United States Drug Enforcement Agency Task Force Officer. On January 25, 1999, Honeycutt, who was off duty but still in uniform, was following a group of individuals along a canal bank in Maverick county. Honeycutt shot his gun toward the individuals. Initially, Honeycutt told Texas Ranger Brooks Long that he saw a flash which he believed to be a gun, and therefore, fired at the individuals. Later, Honeycutt admitted to Federal Bureau of Investigations Agent Michael D. Wise that he had not been truthful and instead had "panicked" and fired "warning

shots." Honeycutt shot Abecnego Monje Ortiz, paralyzing him.

Honeycutt was charged with aggravated assault and deadly conduct. He pleaded guilty to both counts. After a hearing where both the State and Honeycutt put on evidence, the trial court found Honeycutt guilty of both offenses and sentenced him to fifteen years and five years confinement for each offense respectively. Honeycutt appeals.

### DOUBLE JEOPARDY

Honeycutt challenges the trial court's judgment convicting him of aggravated assault and deadly conduct. He maintains that because deadly conduct is a lesser included offense of aggravated assault, he was subjected to double jeopardy once the trial court convicted him of both offenses.

█ The Fifth Amendment protection against double jeopardy includes protection from multiple punishments for the same offense. *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Cervantes v. State,* 815 S.W.2d 569, 572 (Tex.Crim.App.1991) (en banc); *Quintanilla v. State,* 40 S.W.3d 576, 579 (Tex. App.-San Antonio 2001, pet. ref'd). This constitutional protection is incorporated into State proceedings by the Fourteenth Amendment. U.S. CONST. amend XIV; *Vitale,* 447 U.S. at 415, 100 S.Ct. 2260; *Cervantes,* 815 S.W.2d at 572; *Quintanilla,* 40 S.W.3d at 579. Greater-inclusive and lesser-included offenses are the same offenses for double jeopardy purposes. *Parrish v. State,* 869 S.W.2d 352, 354 (Tex.Crim.App. 1994); *Quintanilla,* 40 S.W.3d at 579.

█ The State contends that Honeycutt has waived his double jeopardy complaint. Generally, a double jeopardy claim must be raised in the trial court to preserve the error for appellate review. *DeMoss v. State,* 12 S.W.3d 553, 559 n. 2

(Tex.App.-San Antonio 1999, pet. ref'd). "A double jeopardy claim may be raised for the first time on appeal ... when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of the usual rules of procedural default serves no legitimate state interest." *Gonzalez v. State,* 8 S.W.3d 640, 643 (Tex.Crim.App. 2000). "In cases where the trial court either knew or should have known of the jeopardy problem, no purpose is served in enforcing the state procedural rule and the defendant may assert this interest after trial." *Beltran v. State,* 30 S.W.3d 532, 533 n. 1 (Tex.App.-San Antonio 2000, no pet.) (citing *DeMoss,* 12 S.W.3d at 559 n. 2).

█ In the instance where a defendant is charged in the same indictment with two counts, and assuming one count is a lesser-included offense of the other, the error is apparent on the face of the record. And, because the two convictions were in the same court, on the same day, before the same judge, and were based on the same evidence, the enforcement of the statutory requirements would have served no state interest. *Shaffer v. State,* 477 S.W.2d 873, 876 (Tex.Crim.App.1971) (distinguishing *Duckett v. State,* 454 S.W.2d 755 (Tex. Crim.App.1970)); *Beltran,* 30 S.W.3d at 533 n. 1. Accordingly, even though Honeycutt never complained to the trial court that he was being subjected to double jeopardy, we may review the issue.

█ When the same act or transaction violates two statutory provisions, the offenses are the same for double jeopardy purposes if one offense contains all the elements of the other; they are different if each offense has a unique element. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In other words, an offense is a lesser included offense if it is established by proof of the

same or less than all the facts required to establish the commission of the offense charged. Tex.Code Crim. Proc. Ann. art. 37.09(1) (Vernon 1981).

■ To determine whether one offense is a lesser included offense of another, we conduct the following analysis:

> [F]irst a statutory and then a factual analysis must be done in light of the charged offense. Next, the elements of the offense claimed to be a lesser included offense must be examined to see if the elements are functionally the same or less than those required to prove the charged offense. Then the proof or facts actually presented to prove the elements of the charged offense must be examined to see if that proof also shows the lesser included offense.

*Jacob v. State,* 892 S.W.2d 905, 908 (Tex. Crim.App.1995).

The statutory analysis of the charged offenses, juxtaposed against the facts presented to prove the elements of the charged offenses reveals deadly conduct is a lesser included offense of aggravated assault. A person commits the offense of aggravated assault if the person intentionally, knowingly, or recklessly causes bodily injury to another and uses a deadly weapon during the offense. Tex. Pen.Code Ann. §§ 22.01(a)(1), 22.02 (Vernon Supp.2002, Vernon 1994). The facts required to establish this offense are that Honeycutt, with intent, knowledge, or through reckless behavior, used a deadly weapon and caused physical injury to another.

Deadly conduct occurs when a person knowingly discharges a firearm at or in the direction of one or more individuals. Tex. Pen.Code Ann. § 22.05(b)(1) (Vernon 1994).[1] Functionally, the elements required to prove deadly conduct are the same as those required for aggravated assault. Both offenses require a showing that Honeycutt acted knowingly.[2] Furthermore, under different circumstances, the Court of Criminal Appeals held:

> Patently, threatening another with imminent bodily injury is engaging in conduct. When that threat is accomplished by the use of a deadly weapon, by definition, the victim is "exposed" to the deadly character of the weapon and the inherent risk of serious bodily injury. The danger of serious bodily injury is necessarily established when a deadly weapon is used in the commission of an offense. It follows, therefore, that proof of threatening another with imminent bodily injury by the use of a deadly weapon constitutes proof of engaging in conduct that places another in imminent danger of serious bodily injury.

*Bell,* 693 S.W.2d at 438–39.

That reasoning, applied to this case, is as follows: When bodily injury is *caused* to a complainant by a defendant's use of a deadly weapon, i.e., a firearm, the defendant necessarily discharged that firearm at or in the direction of the complainant.

■ The facts actually presented here were used to prove both offenses. The State introduced evidence that Honeycutt

---

1. Appellant contends that the "essential elements relevant to a jeopardy inquiry are those of the charging instrument, not of the penal statute itself." In the successive prosecutions context, we compare charging instrument elements. *State v. Perez,* 947 S.W.2d 268, 272 (Tex.Crim.App.1997). However, in a multiple punishments double jeopardy claim, the statutory elements rather than those in the charg-

ing instrument are relevant. *Id.; Quintanilla,* 40 S.W.3d at 580.

2. "Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged." Tex. Penal Code Ann. § 6.03(e) (Vernon 1994). A knowing culpable mental state is subsumed within an intentional culpable mental state.

shot a gun in the direction of a group of individuals and hit one individual causing him bodily injury. This evidence proves both aggravated assault and deadly conduct. Therefore, in this case, deadly conduct is a lesser included offense of aggravated assault.[3] Accordingly, we vacate the deadly conduct conviction. *See Landers v. State,* 957 S.W.2d 558, 559 (Tex.Crim.App. 1997) (holding court should retain most serious offense).

### SUFFICIENCY OF THE EVIDENCE

Honeycutt also challenges the legal and factual sufficiency of the evidence supporting his convictions. Because of our disposition of his first issue, we will only address the sufficiency of the evidence supporting Honeycutt's aggravated assault conviction.

When a defendant waives his right to a jury and, instead, pleads guilty to a felony, article 1.15 of the Texas Code of Criminal Procedure requires the State to introduce evidence into the record showing the defendant's guilt to serve as the basis for the trial court's judgment. TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp. 2002). A judicial confession, standing alone, provides sufficient evidence to satisfy article 1.15 and support the trial court's judgment. *Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App.1979); *Lord v. State,* 63 S.W.3d 87, 92 (Tex.App.-Corpus Christi 2001, no pet.).

At the hearing on Honeycutt's plea, the State read the indictment and Honeycutt pleaded guilty to the aggravated assault and deadly conduct charges. Then, the following exchange took place:

The Court: Are you pleading guilty to these offenses because you are, in fact, guilty of these offenses and for no other reason?

Honeycutt: Yes, sir.

The Court: Are you freely and voluntarily entering your guilty pleas?

Honeycutt: Yes, Your Honor.

The Court: Are you pleading guilty out of any consideration of fear or duress?

Honeycutt: No, sir.

The Court then advised Honeycutt of the range of punishment for each offense. The Court continued:

... Mr. Honeycutt, I must also inform you that the Court has been advised that this is an open plea. That means that there will be no plea bargain agreement. Do you understand that the Court will conduct—the Court, if there's sufficient evidence to support your guilty plea, the Court will then sentence you within that range and you would be subject to that full range of punishment that I enumerated earlier for each of these offenses?

Honeycutt: Yes, sir, I understand.

The Court: Of which country are you a citizen, sir?

Honeycutt: United States, sir.

The Court: And what city and state were you born in?

Honeycutt: The city of Freeport, Texas.

---

**3.** The State argues that deadly conduct is not "a lesser included offense of aggravated assault, particularly when the evidence shows that the defendant knowingly fired at more than just the victim of the aggravated assault. In the State's presentation of proof to support the plea, the State unequivocally showed that the defendant not only shot at the victim named in the indictment, but at others as well." However, each offense—aggravated assault and deadly conduct—does not have a unique element. *Blockburger,* 284 U.S. at 304, 52 S.Ct. 180. Even if we considered "more individuals" to be a separate and unique element of deadly conduct, aggravated assault does not have an element different than the remaining elements of deadly conduct.

The Court: I need to advise you that your guilty plea to these offenses could result—were you not a United States citizen could result in your deportation from the United Stated [sic], your exclusion from reentry into the United States, and/or your denial of naturalization under federal law; do you understand that?

Honeycutt: Yes, sir.

The Court: And knowing and understanding all these things, do you still persist on entering your guilty plea at this time?

Honeycutt: Yes, sir, I do . . . .

The Court: Before I receive the exhibits, let me ask you, Mr. Honeycutt, have you had a chance to go over State's exhibits 1 through 5 with your attorney?

Honeycutt: Yes, sir . . . .

The Court: Do you at this time judicially confess that on or about the 25th day of January, 1999 in Maverick County, Texas, you did then and there intentionally and knowingly and recklessly cause bodily injury to Abecnego Monje Ortiz . . .

Honeycutt: Yes, sir.

 A defendant's testimony admitting criminal participation is a judicial confession of guilt. *Dinnery,* 592 S.W.2d at 352. Furthermore, a defendant's sworn testimony that he is guilty as charged in an indictment is enough to support a conviction. *Id.* at 352–53. Honeycutt's oral exchange with the court constitutes a judicial confession. Honeycutt's challenge to the sufficiency of the evidence is overruled. *Lord,* 63 S.W.3d at 92; *Coleman v. State,* 860 S.W.2d 496, 498 (Tex.App.-Dallas 1993, no pet.).

### CONCLUSION

We hold that deadly conduct is a lesser included offense of aggravated assault in this case. Furthermore, we hold the evidence is legally and factually sufficient to support Honeycutt's aggravated assault conviction. Accordingly, we reverse Honeycutt's conviction for deadly conduct and order the conviction vacated. The trial court's judgment on the aggravated assault charge is affirmed.