NO. 07-05-0076-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 18, 2005


______________________________



STEVEN G. GIRDY, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-406,331; HON. CECIL G. PURYEAR, PRESIDING


_______________________________



Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant, Steven G. Girdy, was convicted of the offenses of aggravated kidnapping
and aggravated assault arising out of the same event. On appeal, he claims 1) the
evidence was factually insufficient to support the conviction of aggravated kidnapping, 2) 
the evidence was factually insufficient to support the jury finding that he did not voluntarily
release the victim in a safe place, and 3) he was subjected to double jeopardy. We affirm
one judgment and reverse the other. 

Issue One - Factual Sufficiency as to Intent


 Appellant's convictions arose out of a domestic dispute with his on-again/off-again
girlfriend Deandra Smith. During the incident in question, he forced Smith into her car by
the use of a knife and drove her to a nearby field where he verbally abused her, threatened
to kill her, and urinated upon her. He ceased his conduct only when he observed the
approach of a police vehicle; at that point, he forced Smith back into her car and headed
out of the field. Appellant argues that the evidence is factually insufficient to show that he
abducted Smith with the intent to inflict bodily injury upon her. We overrule the issue. 

 The standard by which we review factual sufficiency is well established. We refer
the parties to Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004), Zuliani v. State, 97
S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556 (Tex. Crim. App.
2000) for its explanation. 

 A person may commit aggravated kidnapping by intentionally or knowingly abducting
another person with the intent to inflict bodily injury on her. Tex. Pen. Code Ann.
§20.04(a)(4) (Vernon 2003). Appellant argues that because he did not physically harm
Smith during her abduction and he cooperated with police officers upon being stopped by
them, the State failed to prove the intent to inflict bodily injury. 

 While appellant may not have physically injured his captive, the ultimate issue is the
intent to commit bodily injury. Phillips v. State, 597 S.W.2d 929, 936 (Tex. Crim. App.
1980). Furthermore, intent may be inferred from the acts, words, and conduct of the
accused. Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995); Beltran v. State,
593 S.W.2d 688, 689 (Tex. Crim. App. 1980). 

 Here, the evidence shows that 1) prior to forcing Smith into her car, appellant held
a knife on her, her two children, and two other persons and threatened to kill them, 2)
appellant was holding the knife while he forced Smith into her car by threatening to stab
her with it, 3) just prior to Smith getting into the car, appellant poked her with the knife so
she could feel its sharpness, 4) Smith believed he was going to inflict bodily injury on her,
5) after stopping the car in the field, appellant made Smith get on the ground, straddled
her, told her she was "going to be in Heaven tonight" and that he would kill her, pointed the
knife at her face, and then poked her with the knife, and 6) Smith believed appellant was
going to kill her and leave her in the field.

 While this evidence may also support a finding that appellant committed aggravated
kidnapping by terrorizing the person abducted, see Tex. Pen. Code Ann. §20.04(a)(5)
(Vernon 2003), as appellant suggests, that does not make it insufficient to also support a
finding that appellant intended to inflict bodily injury. See Ham v. State, 855 S.W.2d 231,
233 (Tex. App.-Fort Worth 1993, no pet.) (finding that the same facts may support the
commission of aggravated kidnapping by either terrorizing or intent to inflict bodily injury). 
Finally, the jury was rationally justified in inferring from the evidence before it that appellant
had the requisite intent to inflict bodily injury. Phillips v. State, 597 S.W.2d at 936 (holding
that evidence of an abduction accompanied by the words, "I am going to abduct and rape
you," would be enough to send the matter of aggravated kidnapping to the jury even if the
defendant did not actually rape the victim). 

Issue Two - Voluntary Release in a Safe Place


 Appellant next contends that the evidence is factually insufficient to show that he
failed to voluntarily release Smith in a safe place. We overrule the issue.

 Upon a finding that the accused committed aggravated kidnapping, the defendant
may reduce the seriousness of the offense by establishing that he voluntarily released the
victim in a safe place. Tex. Pen. Code Ann. §20.04(d) (Vernon 2003). Upon the accused
establishing, by a preponderance of the evidence, that the victim was voluntarily released,
the offense becomes a second degree felony. Id. 

 Appellant argues that he released Smith in a safe place because she was released
in the same neighborhood where she lived, he had thrown the knife away before the
vehicle stopped, police authorities were nearby at the time of release, there were no
extreme weather conditions present, Smith was not harmed, the area was a residential
one, Smith recognized the location, and he offered no resistance to the police officers. 
Yet, appellant must prove that he voluntarily released Smith. Moreover, that term excludes
situations wherein the victim escaped or was rescued by police. Brown v. State, 98
S.W.3d 180, 188 (Tex. Crim. App. 2003). Here, when appellant observed a police vehicle,
he forced Smith (with knife in hand) back into the car, made a u-turn in the field, and exited
onto a public street. Not until directed to stop by the police did he do so. When asked by
the officer what he had been doing in the field, he replied that they were "doing things that
lovers do" and gave a false name to the officer. Moreover, Smith remained in the vehicle
until an officer removed her. In sum, no evidence suggests that appellant would have
released his victim had the officers not intervened. Thus, the jury could have rationally
determined that Smith was released due to her rescue by the officers and not the voluntary
act of her captor. 

Issue Three - Double Jeopardy


 In his last issue, appellant claims that his right to be free of double jeopardy was
violated. This purportedly occurred when he was convicted for both aggravated kidnapping
and aggravated assault because one offense was a lesser-included offense of the other,
given the allegations in the indictment and proof at trial. We sustain the issue. 

 Simply put, punishing a defendant for two crimes when one is the lesser-included
offense of the other implicates double jeopardy. See Honeycutt v. State, 82 S.W.3d 545,
548-49 (Tex. App.-San Antonio 2002, pet. ref'd) (finding that, under the facts there
present, deadly conduct was a lesser-included offense of aggravated assault and the
conviction of appellant for both violated double jeopardy); Roy v. State, 76 S.W.3d 87, 98-99 (Tex. App.-Houston [14th Dist.] 2002, no pet.) (finding that, under the facts there
present, the unauthorized use of a motor vehicle was a lesser-included offense of
aggravated robbery and convicting appellant of both violated double jeopardy). Next,
whether one crime is a lesser- included offense of another depends upon the offense
charged, its statutory elements, and the surrounding facts and circumstances of the
crimes. Campbell v. State, 149 S.W.3d 149, 155-56 (Tex. Crim. App. 2004). In other
words, not only are the elements of the crime as described in the penal statute influential
but so is the time and place of the crimes, the identity of the victim and accused in each,
and the manner and means by which they were committed. Id. at 155; Roy v. State, 76
S.W.3d at 98.

 As previously mentioned, the State indicted, tried, and convicted appellant for both
aggravated kidnapping and aggravated assault. The former arises when, among other
times, one intentionally or knowingly abducts another with the intent to inflict bodily injury. 
Tex. Pen. Code Ann. §20.04(a) (Vernon 2003). The latter occurs when one assaults
another while using or exhibiting a deadly weapon. Id. § 22.02(a)(2) (Vernon Supp. 2004-05). Next, abduct means to restrain with the intent to prevent one's liberation by either
secreting or holding him in a place where he is unlikely to be found or using or threatening
to use deadly force. Mason v. State, 905 S.W.2d 570, 574-75 (Tex. Crim. App. 1995),
citing Tex. Pen. Code Ann. § 20.01(2) (Vernon Supp. 2004-05). And, it was the second
means of abducting that the State incorporated into the indictment at bar. Moreover, to
satisfy the allegations regarding deadly force and deadly weapon, the State proffered the
same evidence, that being appellant's use of the knife.

 Next, the events at issue occurred during an unbroken sequence, i.e. appellant
obtained the knife, threatened Smith and others with it, directed all present (including
Smith) not to leave, demanded the car keys from Smith, forced Smith into the car with knife
in hand, drove the car to the lot, brandished the knife while removing her from the vehicle,
and again placed it against her. Though to convict him of assault the State need not have
proved an abduction, in proving the abduction for purposes of kidnapping, the State
satisfied the elements for aggravated assault. In other words, the very same evidence
used to prove the kidnapping proved the assault. Indeed, it could be argued and the jury
could have rationally concluded that Smith was both abducted (as that term is defined in
Mason and the Penal Code) and assaulted the instant appellant brandished the knife and
told all not to leave the house; that was the first instance of restraint via the use of a knife.

 So, given the identity between the parties, time, manner, and means here involved
and the elements of the crime as alleged in the indictment, the aggravated assault was
indeed a lesser-included offense of the aggravated kidnapping. See Roberts v. State, 795
S.W.2d 842, 844 (Tex. App.-Beaumont 1990, no pet.) (recognizing that aggravated assault
may be a lesser-included offense of aggravated kidnapping). And, the latter being a
lesser-included offense of the former, it is presumed (absent a clear indication to the
contrary) that the legislature did not intend to authorize the State to punish an accused for
both. Hutchins v. State, 992 S.W.2d 629, 632 (Tex. App.-Austin 1999, pet. ref'd, untimely
filed); see also Parrish v. State, 869 S.W.2d 352, 355 (Tex. Crim. App. 1994) (stating that
"we are inclined to agree that the Double Jeopardy Clause does bar prosecution of any
offense which . . . includes or is included within an offense for which the defendant has
already been prosecuted . . . ."). Moreover, we are directed to nothing clearly indicating
that the legislature intended to permit punishment for both offenses at issue when one is
the lesser-included offense of the other. Thus, convicting appellant of both crimes violated
double jeopardy, and we are obligated to vacate the conviction carrying the lesser
punishment, that being the conviction for aggravated assault. (1) Roy v. State, 76 S.W.3d at
94-95.

 Accordingly, we reverse that judgment manifesting appellant's conviction for
aggravated assault and render a judgment of acquittal and affirm that manifesting his
conviction for aggravated kidnapping.


 Brian Quinn 

 Chief Justice


Publish.

 

 

1. We reject the State's contention that the claim was waived since appellant failed to raise it below. 
Double jeopardy may be raised for the first time on appeal when the undisputed facts show the violation is
apparent on the face of the record and the enforcement of the usual rules of procedural default serve no
legitimate state interest. Gonzalez v. State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). Additionally, when
a defendant is charged in the same instrument with two counts and one is a lesser-included offense of the
other, the error is apparent on the face of the record. Honeycutt v. State, 82 S.W.3d 545, 547 (Tex. App.-San
Antonio 2002, pet. ref'd). And, when the convictions were secured in the same court, on the same day, before
the same judge, and on the same evidence, the enforcement of rules implicating the preservation of error
serves no legitimate state interest. Id.