

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00064-CR

Donald **AEKINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 403rd District Court, Travis County, Texas
Trial Court No. D-1-DC-12-904056
Honorable Brenda Kennedy, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: November 6, 2013

VACATED IN PART; AFFIRMED IN PART

A jury found appellant, Donald Aekins, guilty on three counts of sexual assault. In eight issues on appeal, appellant alleges (1) the evidence is insufficient to sustain the jury's guilty verdict, (2) his convictions were barred by double jeopardy, and (3) the trial court abused its discretion when it admitted certain evidence. We vacate in part and affirm in part.

### BACKGROUND

The evidence presented at trial showed appellant and his wife, Amanda Aekins, first met the complainant, Jessica Parnell (a pseudonym), at a downtown Austin Salvation Army in October

2010.  Both the Aekins and Parnell were homeless at the time.  During their time at the Salvation Army, Amanda and Parnell became friends.  The Aekins subsequently left the Salvation Army and moved into a house.  Amanda contacted Parnell to ask if she would be willing to babysit the Aekins' children on February 2, 2012, because Amanda had school and appellant was supposed to be going to the Texas Workforce Commission to find employment.  Parnell agreed and Amanda picked up Parnell from the Salvation Army early that morning and brought her back to the Aekins' house.  When Amanda and Parnell arrived, appellant was still at home and remained there when Amanda left for school.

While Parnell was supervising her two children and the Aekins' oldest child in the front room, appellant was lying in his bed with his infant son.  Appellant called Parnell into the bedroom and asked her to feed the baby.  Parnell complied and laid on appellant's bed in order to feed his son.  While Parnell was feeding the baby, appellant climbed on top of Parnell and removed her pants and underwear.  Appellant then inserted his fingers into Parnell's vagina and began performing oral sex on her.  After several minutes, Parnell's daughter began knocking at the bedroom door interrupting appellant.  Parnell then left appellant's house, went next door, and called the police.

## DOUBLE JEOPARDY

In issues four and five, appellant contends his conviction under Count III violates his double jeopardy rights under both the Federal and State Constitutions.  Specifically, appellant contends the act of penetrating Parnell's sexual organ with his mouth and/or tongue (Count II) and contacting Parnell's sexual organ with his mouth (Count III) constituted a single act.  The State responds appellant failed to preserve his double jeopardy claim, and the convictions were for two discrete acts.  Because these issues could have an impact on other issues, we address them first.

**Waiver**

The subject of double jeopardy never arose at trial and was first asserted upon appeal. Because appellant's double jeopardy claim was not raised at or before the time the charge was submitted to the jury, in order for a double jeopardy claim to be raised for the first time on appeal, two conditions must be met: (1) the double jeopardy violation must be apparent on the face of the record, and (2) enforcement of the usual rules of procedural default must not serve a legitimate State interest. *Gonzalez v. State*, 8 S.W.3d 640, 642–45 (Tex. Crim. App. 2000).

A double jeopardy claim is apparent on the face of the record if resolution of the claim does not require further proceedings for the purposes of introducing additional evidence in support of the claim. *Ex parte Knipp*, 236 S.W.3d 214, 216 n.3 (Tex. Crim. App. 2007); *Gonzalez*, 8 S.W.3d at 643. If the record contains all the information needed to address the merits of the double jeopardy claim, there is no need for such expansion of the record. *Ex Parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013). In this case, the record before us is fully developed, and both the reporter's record and clerk's record containing the indictment charging appellant with three counts of sexual assault have been filed. Therefore, appellant's claim can be resolved based on the record before us and there is no need for further proceedings in the trial court to introduce additional evidence. Accordingly, appellant has satisfied the first prong of the *Gonzalez* test.

With respect to the second prong of the *Gonzalez* test, for the reasons stated below, we believe enforcement of the usual rules of procedural default would serve no legitimate State interest. The appropriate remedy for a double jeopardy violation is to vacate one of the convictions and retain the conviction with "the most serious punishment." *Ball v. United States*, 470 U.S. 856, 864 (1985); *Evans v. State*, 299 S.W.3d 138, 141 (Tex. Crim. App. 2009). If successful, appellant's jeopardy challenge would result in this court vacating his conviction under Count III. This result would not require a retrial or even a remand to the trial court because the record in this case is fully

developed. Therefore, there are no adverse consequences resulting from appellant raising his double jeopardy claim for the first time on appeal. *See Shaffer v. State*, 477 S.W.2d 873, 875 (Tex. Crim. App. 1971); *Saenz v. State*, 131 S.W.3d 43, 50 (Tex. App.—San Antonio 2003), *aff'd*, 166 S.W.3d 270 (Tex. Crim. App. 2005); *Roy v. State*, 76 S.W.3d 87, 94–95 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Additionally, because appellant stood trial for all three offenses before the same judge and jury, the trial court knew or should have known of the potential double jeopardy issue, resulting in no legitimate State interest in enforcing the usual rules of procedural default. *Gallegos v. State*, 340 S.W.3d 797, 801 n.2 (Tex. App.—San Antonio 2011, no pet.); *Honeycutt v. State*, 82 S.W.3d 545, 547 (Tex. App.—San Antonio 2002, pet. ref'd); *see also DeMoss v. State*, 12 S.W.3d 553, 559 n.2 (Tex. App.—San Antonio 1999, pet. ref'd) ("[I]n cases where the trial court either knew or should have known of the jeopardy problem, no purpose is served in enforcing the state procedural rule and the defendant may assert this interest after trial."). Accordingly, appellant has satisfied the second prong of the *Gonzalez* test. Having satisfied both prongs, appellant may raise his double jeopardy claim on appeal.

**Analysis**

Appellant's first double jeopardy complaint asserts his convictions for both penetrating Parnell's sexual organ with his mouth and/or tongue and contacting Parnell's sexual organ with his mouth violated his right of protection against multiple punishments for the same offense under the Fifth and Fourteenth Amendments to the United States Constitution because both offenses are based on the same act.

Count II of appellant's indictment charged him with "intentionally or knowingly caus[ing] the penetration of the female sexual organ of [Parnell] by the defendant's mouth and/or tongue, without the consent of [Parnell] by the use of force." *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A) (West 2011). Count III charged appellant with "intentionally or knowingly

- 4 -

caus[ing] the sexual organ of [Parnell] to contact defendant's mouth, without the consent of [Parnell] by the use of force." *See id*. § 22.011(a)(1)(C). Appellant acknowledges the indictment charged him with a violation of two distinct statutory provisions. However, appellant's contention is that although two distinct statutory provisions were violated, the violations occurred as part of the same act, resulting in the violation for causing Parnell's sexual organ to contact the defendant's mouth to be subsumed as part of the violation for appellant's tongue penetrating Parnell's sexual organ.

When conduct violates two distinct statutory provisions, the first step is to determine whether the Legislature intended that each violation be considered a separate offense. *Garrett v. United States*, 471 U.S. 773, 778 (1985). A person who commits more than one discrete sexual assault against the same complainant may be convicted and punished for each separate act, even if the acts were committed in close temporal proximity. *Vick v. State*, 991 S.W.2d 830, 833 (Tex Crim. App. 1999). While some courts have interpreted legislative intent that a violation of each subsection of the Texas Penal Code regarding sexual assault of children describes conduct constituting separate statutory offenses, this interpretation has not been readily extended to situations not involving children. *See, e.g.*, *Loving v. State*, 401 S.W.3d 642, 649 (Tex. Crim. App. 2013) (concluding sexual assault of child by exposure not barred by sexual assault by contact); *Vick*, 991 S.W.2d at 833–34 (deciding double jeopardy did not preclude sexual assault prosecution for causing child victim's sexual organ to contact defendant's mouth after aggravated sexual assault by penetrating sexual organ acquittal during same transaction). However, even in cases involving children, double jeopardy violations have been found to occur.

For example, in *Patterson v. State*, Patterson was convicted of indecency with a child by exposure and of aggravated sexual assault of a child. *Patterson v. State*, 152 S.W.3d 88, 89 (Tex.

Crim. App. 2004). The Court of Criminal Appeals confronted the issue of whether the indecency conviction was subsumed by the aggravated sexual assault. *Id*.

> In this case, there were two essentially identical assaults, separated by a short period of time. On both occasions, appellant exposed his genitals and penetrated the complainant's anus. The assault in count I, paragraph two, was alleged as aggravated sexual assault of a child by causing contact between appellant's genitals and complainant's anus. The assault in count I, paragraph one, was alleged as aggravated sexual assault of a child by penetration of complainant's anus by appellant's genitals, with a separate paragraph alleging indecency with a child by contact by touching the complainant's anus with appellant's genitals. The court of appeals affirmed the two convictions for aggravated sexual assault, then correctly found that penetration required contact and reversed that conviction. The state does not challenge that ruling. The record in this case does not show an occasion during the assaults when the exposure was a separate offense. Under the facts of these incidents, exposure was incident to and subsumed by the aggravated sexual assault.

*Id*. at 92.

In *Barnes v. State*, Barnes was convicted for penetrating a child's sexual organ and causing the complainant's sexual organ to contact his sexual organ. *Barnes v. State*, 165 S.W.3d 75, 87 (Tex. App.—Austin 2005, no pet.). Barnes' conviction for genital-to-genital contact was based on the same act of genital penetration that formed the basis for the penetration conviction. *Id*. The court of appeals did not find any evidence Barnes contacted the complainant's sexual organ with his sexual organ "except as incident to the penetration of [the complainant's] sexual organ." *Id*. at 88. "Because the jury convicted appellant of only one act of genital penetration, it necessarily follows that the convictions on that count and on the genital-to-genital contact count were based on the same act. Appellant's conviction . . . therefore constituted an unauthorized second conviction for the same offense in violation of the Double Jeopardy Clause." *Id*.

We believe the circumstances in this case are analogous to the circumstances of *Patterson* and *Barnes*. The evidence presented at trial supports appellant's assertion that the contact was incident to the penetration. Once appellant removed her pants and underwear, Parnell testified, "[h]e started performing oral sex on me and he put his fingers inside of me, in my vagina." After

several minutes, appellant was interrupted by Parnell's children knocking at the door. At that point, Parnell testified she walked out of the room and went to the neighbor's house. The State presented no evidence the contact and penetration of appellant's tongue constituted separate and distinct acts. Rather, Parnell's testimony supports appellant's contention the sexual assault consisted of a single incident that occurred within the span of minutes. In the absence of a clear legislative intent to inflict multiple punishments, appellant's conviction of sexual assault for contact between appellant's mouth and Parnell's sexual organ based on the same conduct for which he was convicted of penetrating Parnell's sexual organ with his mouth and/or tongue constitutes impermissible multiple punishments for the same offense. We conclude appellant's conviction violates the Double Jeopardy Clause. Accordingly, we vacate the trial court's judgment for sexual assault under Count III.

## ADMISSION OF EVIDENCE

### Text Message

In issues six and seven, appellant contends the trial court abused its discretion in admitting a text message the State believed was sent by the appellant because the message was not properly authenticated under Texas Rule of Evidence 901 and because the message contained inadmissible hearsay. The State responds the trial court did not abuse its discretion because the text message was authenticated and was not hearsay.

**Standard of Review**

We review a trial court's evidentiary ruling using an abuse of discretion standard. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court does not abuse its discretion unless its decision is outside the zone of reasonable disagreement. *Tienda*, 358 S.W.3d at 638. There is no abuse of discretion

if the trial court "reasonably believes that a reasonable juror could find that the evidence has been authenticated or identified." *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007).

**Authentication**

Whether to admit evidence at trial is a preliminary question to be decided by the court. TEX. R. EVID. 104(a); *Tienda*, 358 S.W.3d at 637. Only relevant evidence is admissible. TEX. R. EVID. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Evidence not properly authenticated is irrelevant, and authentication is a "condition precedent" to admissibility. TEX. R. EVID. 901(a); *Tienda*, 358 S.W.3d at 638.

A proponent of evidence is not required to "rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *Campbell v. State*, 382 S.W.3d 545, 549 (Tex. App.—Austin 2012, no pet.). In performing its gate-keeping function under Rule 104, the trial court need not be persuaded that the proffered evidence is authentic. *Tienda*, 358 S.W.3d at 638. Instead, the question of whether an item of evidence is what the proponent claims is a question for the fact finder. *Id*. The preliminary question for the trial court is to decide whether the proponent of the evidence has supplied sufficient facts to support a reasonable jury determination that the evidence is authentic. *Id*.; *see also Manuel v. State*, 357 S.W.3d 66, 74 (Tex. App.—Tyler 2011, pet. ref'd) (stating "proponent must only produce sufficient evidence that a reasonable fact finder could properly find genuineness").

Authentication may be accomplished by several methods, including by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by circumstantial evidence. TEX. R. EVID. 901. Rule 901 "does not erect a particularly high hurdle, and that hurdle may be cleared by circumstantial evidence." *Campbell*, 382 S.W.3d at 549

(quoting Peter T. Hoffman, *Texas Rules of Evidence Handbook*, art. IX at 948 (8th ed. 2008–2009)). Printouts and pictures of emails, internet chat room conversations, and text messages have all been admitted into evidence when found to be sufficiently linked to the purported author so as to justify the submission to the jury for its ultimate determination. *Tienda*, 358 S.W.3d at 639.

State's Exhibit 20 consists of a picture of a cell phone displaying a text message. The picture shows the message was sent on January 30, 2012, at 12:28 PM, a few days before the assault. Parnell's name appears below the date and time stamp. The body of the text message reads, "Sorry if I offended u [sic]. Wil [sic] not do again." Below the body of the message is a signature line containing the name "Soul."

Appellant contends the text message was not properly authenticated because it does not show who actually made or sent the text message and the signature "Soul" was inadequate authentication of appellant as the sender, especially considering the message does not show a number of origin.

Testimony by Parnell, Amanda, and appellant's neighbor established appellant went by the nickname "Soul." Parnell also testified she had previously received text messages from appellant and the prior text messages were similar to State's Exhibit 20. Moreover, the content of the message itself appears to be responsive to a prior incident between appellant and Parnell. Parnell testified she sent Amanda a text message stating, "Your husband wants to eat me." Amanda testified she confronted appellant regarding this text message. Parnell further testified she received the text message at issue later that day and understood it to be an apology from appellant for making the comment he wanted to "eat" her. The events surrounding the message indicate circumstantially that appellant was the author of the text message. *See Tienda*, 358 S.W.3d at 641 ("Sometimes the purported sender has responded to an exchange of electronic communications in such a way as to indicate circumstantially that he was in fact the author of the particular

communication, the authentication of which is in issue."). Although the picture of the text message alone may have been insufficient for authentication purposes, we conclude the evidence was proffered in such a way that, in combination with other evidence, it was sufficient for a jury to reasonably believe the text message was sent by appellant.

**Hearsay**

Hearsay is a statement, other than one made by the defendant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). A statement is not hearsay if the statement is offered against a party and is the party's own statement in either an individual or representative capacity. TEX. R. EVID. 801(e)(2)(A). In this case, the text message offered against appellant contained his own statement in his individual capacity. Consequently, the text message was not hearsay. Rather, because it constituted appellant's own statement, it was properly admitted into evidence. *See id.*; *see also Hughes v. State*, 4 S.W.3d 1, 6 (Tex. Crim. App. 1999) (explaining statement made by party admissible as admission by party-opponent even if not against interest when made); *Lewis v. State*, 815 S.W.2d 560, 568 (Tex. Crim. App. 1991) (holding statement admissible as non-hearsay when offered against party that made statement); *Lozano v. State*, No. 2-06-379-CR, 2007 WL 4216349, at *8 (Tex. App.—Fort Worth 2007, no pet.) (mem. op.) (concluding text message contained appellant's statements and properly admitted as party admission). Accordingly, we conclude the trial court did not abuse its discretion in admitting the text message into evidence.

**Phone Call**

In issue eight, appellant argues State's Exhibit 22, a recording of a phone call made from jail by appellant to his wife, was inadmissible under Texas Rule of Evidence 410 because it was a statement made in the course of plea discussions. The State responds the trial court correctly admitted State's Exhibit 22 because the recording did not include any statement made to an

attorney for the prosecuting authority. The recording included statements to appellant's wife about the possibility of taking a plea.[1]

Texas Rule of Evidence 410 excludes statements made in the course of plea discussions with the prosecutor. TEX. R. EVID. 410(4). The rule provides that statements made in the course of plea discussions are protected only if they are made to "an attorney for the prosecuting authority." *Id*. In order to fall within the scope of Rule 410, plea discussions must not only involve an attorney, but an attorney accountable to the prosecuting authority. *Id*.; *see* David A. Schlueter & Jonathan D. Schlueter, *Texas Rules of Evidence Manual* § 410.02[4][b] at 342 (9th ed. 2012). Here, the statements occurred during a phone conversation between appellant and his wife. The statements were not made to an attorney accountable to the prosecuting authority, nor were they were made to, or in the presence of, any attorney. Plea offers or other statements to anyone other than an attorney for the prosecution are not covered by Rule 410. *Monreal v. State*, 947 S.W.2d 559, 565 (Tex. Crim. App. 1997); *Cantu v. State*, 993 S.W.2d 712, 722 (Tex. App.—San Antonio 1999, pet. ref'd). Accordingly, we conclude the trial court did not abuse its discretion in admitting the recording of appellant's phone call into evidence.

## LEGAL SUFFICIENCY

**Standard of Review**

In issues one through three, appellant argues the evidence is insufficient to support his convictions.[2] In reviewing the legal sufficiency of the evidence, we must view "the evidence in the light most favorable to the verdict" and determine whether "any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*,

---

[1] At the beginning of the phone conversation, an automated warning was given that the call is subject to recording.
[2] Because we have ruled Count III violates appellant's protection against double jeopardy, we address only issues one and two, which challenge the sufficiency of the evidence under Counts I and II.

- 11 -

443 U.S. 307, 307 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Under this standard, evidence may be insufficient to support a conviction in two circumstances: "(1) the record contains no evidence, or merely a 'modicum' of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt." *Bearth v. State*, 361 S.W.3d 135, 138 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Jackson*, 443 U.S. at 320). We do not ask whether we believe the evidence at trial established guilt beyond a reasonable doubt, instead, the standard requires we defer to the fact-finder's credibility and weight determination and consider only whether the jury reached a rational decision. *Brooks*, 323 S.W.3d at 899.

**Analysis**

A person commits sexual assault if the person intentionally or knowingly causes the penetration of the sexual organ of another person by any means, without that person's consent, or causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth of the actor. TEX. PENAL CODE § 22.011(a)(1)(A), (a)(1)(C).

At trial, Parnell testified appellant sexually assaulted her on the morning of February 2, 2012. She testified appellant called her into his bedroom to feed his infant son, and as she laid on appellant's bed feeding his son, appellant "got on top of her" and pulled down her pants and underwear. Parnell testified she told appellant to stop several times but he did not listen. Parnell further testified she felt appellant's fingers and tongue inside her vagina. After several minutes of appellant performing oral sex on her, Parnell's child began knocking on the bedroom door. When appellant stopped because of the knocking, Parnell testified she left appellant's house and went next door to appellant's neighbor, Marchic Cummings.

Cummings testified Parnell was "pale white" and "freaking out" when she ran into her house, and she had never seen Parnell like that before. Cummings also testified appellant was

outside her house yelling: "Ain't nobody going to believe you anyway. She's not going to believe you anyway."

The jury also heard three audio recordings of phone calls made by appellant to his wife from jail. In one of the calls, appellant asked his wife to pay Parnell $500 to drop the charges. In another, appellant stated he needed to "fight fire with fire" and asked his wife to get Parnell kicked out of her housing program. In another, appellant can be heard asking his wife to lie about prior incidents with Parnell. The State also introduced the text message sent by appellant that Parnell understood to be an apology for appellant previously stating he wanted to "eat" her.

Additionally, the jury heard the testimony of Jennifer Black, a sexual assault nurse, who performed Parnell's sexual assault examination. Black testified she observed a bruise on the top part of Parnell's thigh as well as other small cuts around Parnell's vagina. Black testified these injuries were consistent with the type of sexual assault reported by Parnell.

Finally, the jury heard testimony from DNA analyst, Jennifer Morris. Morris testified to the results of DNA testing performed on samples taken from Parnell pursuant to the sexual assault examination performed by Black. Morris testified the results of the examination yielded mixtures of more than one person's DNA from the sample taken from Parnell's vagina. However, Morris testified there was not enough DNA to conclusively determine whether appellant was the donor of the second DNA sample. Appellant cites this lack of conclusiveness to support his argument that the evidence is insufficient to support his convictions in addition to citing statistics regarding post-conviction exonerations based upon subsequent DNA testing. While conclusive DNA evidence may be used to support or attack the legal sufficiency of evidence supporting a conviction, the lack of conclusive DNA evidence in sexual assault cases is not a prerequisite to support the legal sufficiency of evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West 2005) (providing conviction for sexual assault "supportable on the uncorroborated testimony of the victim of the

sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred"); *see also Mathis v. State*, 397 S.W.3d 332, 337 (Tex. App.—Dallas 2013, pet. granted) (stating victim's testimony alone sufficient to support conviction for sexual assault); *Covarrubias v. State*, No. 04-11-00008-CR, 2011 WL 5390200, at *3 (Tex. App.—San Antonio 2011, no pet.) (mem. op., not designated for publication) (holding victim's testimony alone sufficient to support guilty verdict). Accordingly, after considering the evidence in the light most favorable to the verdict, we conclude the evidence is sufficient to support the essential elements of sexual assault under Counts I and II.

## CONCLUSION

We conclude the trial court did not abuse its discretion in allowing the text message and phone call recording into evidence, and a rational trier of fact could have found the essential elements of the offense of sexual assault for the first and second counts beyond a reasonable doubt. We vacate the judgment as to the third count and affirm the trial court's judgment as to counts one and two.

Sandee Bryan Marion, Justice

DO NOT PUBLISH