**Ex parte Fred Salem ZAIN.**

Nos. 04–96–00703–CR, 04–96–00704–CR, 04–96–00705–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 22, 1997.

Samuel H. Bayless, Moulton S. Dowler, Jr., Gresham, Davis, Gregory, Worthy & Moore, P.C., San Antonio, for appellant.

Anton Hackebeil, District Attorney, Uvalde, Jim Vollers, Austin, for appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

DUNCAN, Justice.

This habeas corpus appeal is brought to determine whether three indictments returned against Fred Salem Zain are barred by the statute of limitations. We hold that the two-year statute of limitations applies and bars the indictments as a matter of law and the undisputed facts. We, therefore, reverse the trial court's order denying Zain habeas corpus relief and dismiss the indictments with prejudice.

### FACTS

On July 26, 1994, the 38th District Court Grand Jury of Uvalde County returned three indictments against Zain for aggravated perjury, a felony offense. The indictments allege the offenses were committed on or about December 11, 1990, but that the statute of limitation was tolled because Zain had been "absent from the State of Texas since on or about November 23, 1993."

Zain filed an application for a writ of habeas corpus seeking to quash the indictments on the ground that they are barred by the applicable statute of limitations. Zain contends that the correct period of limitations is two years for aggravated perjury; the State argues it is three years. The trial court granted writ, but denied relief, and Zain appealed.

### DISCUSSION

Simple perjury is a Class A misdemeanor. TEX. PENAL CODE ANN. § 37.02 (Vernon 1994). The limitation period on all misdemeanors is two years from the date of the commission of the offense. TEX.CODE CRIM. PROC. ANN. art. 12.02 (Vernon 1994).

Aggravated perjury is a third-degree felony. TEX. PENAL CODE ANN. § 37.03. However, "[a]ny offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime." TEX.CODE CRIM. PROC. ANN. art. 12.03(d). Accordingly, the limitations period for aggravated perjury is "two years, that being the same period as perjury." *Ex parte Matthews*, 933 S.W.2d 134, 136 (Tex.Crim.App.1996) (J. Clinton). The tolling provision of article 12.05(a) is activated "only when the citizen has been effectively accused of an offense." *Id.* at 138. Zain thus bears the burden to show he was not "accused" prior to the time the two-year statute of limitations expired, while the State, having pled the tolling provision, has a corresponding burden to prove that Zain was formally accused at the time he allegedly departed the state. There is no evidence in the record on appeal that Zain became an accused prior to the time he was indicted, nor is there any evidence suggesting that Zain was charged with these offenses until after limitations had expired. The indictments were thus barred by the applicable statute of limitations.

### CONCLUSION

Zain's first point of error is sustained. The order denying habeas corpus relief is reversed, and the indictments returned in cause nos. 94–07–9101–CR, 94–07–9102–CR, and 94–07–9103–CR are dismissed with prejudice.