PD-0526-15

No. PD-_____

TO THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS

_____

No. 04–14–00347–CR
In the Fourth Court of Appeals

No. 2013CRM000371 D1
In the 49th District Court of Webb County, Texas

_____

THE STATE OF TEXAS,                                    Appellant

v.

VICTOR MANUEL SCHUNIOR JR.,                    Appellee

Appeal from Webb County

\* \* \* \* \*

**STATE'S PETITION FOR DISCRETIONARY REVIEW**
**(As Appellant)**

FILED IN
COURT OF CRIMINAL APPEALS

May 6, 2015

ABEL ACOSTA, CLERK

\* \* \* \* \*

ISIDRO R. ALANIZ
DISTRICT ATTORNEY
49th Judicial District
By:
DAVID L. REUTHINGER, JR.
Assistant District Attorney,
Bar I.D. No. 24053936
dreuthinger@webbcountytx.gov

**<u>ORAL ARGUMENT REQUESTED</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................i

IDENTITY OF PARTIES ........................................................................ iii

INDEX OF AUTHORITIES ....................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ..................................2

STATEMENT OF THE CASE ..................................................................2

STATEMENT OF PROCEDURAL HISTORY ..........................................3

GROUNDS FOR REVIEW.......................................................................3

ARGUMENT AND AUTHORITIES.........................................................4

    1) Is the limitations period for aggravated assault governed by Article
    12.01(7) rather than Article 12.03(d) of the Code of Criminal Procedure?
    .................................................................................................................6

    2) If the limitations period for aggravated assault is governed by Article
    12.03(d), does the lesser-included offense with the greater limitations
    period control when the lesser-included offenses of the aggravated
    assault include both misdemeanor assault and a felony? ........................12

PRAYER FOR RELIEF ..........................................................................18

CERTIFICATE OF COMPLIANCE.........................................................19

CERTIFICATE OF SERVICE .................................................................19

# IDENTITY OF PARTIES

## TRIAL COURT JUDGE

Honorable Jose A. "Joe" Lopez
49th Judicial District Court

## PARTIES

## STATE (APPELLANT AND PETITIONER):

THE STATE OF TEXAS

Represented by:
ISIDRO R. ALANIZ
District Attorney, 49th Judicial District
By: David L. Reuthinger, Jr., Assistant District Attorney
Webb County Justice Center, 4th Floor
1110 Victoria St., Suite 401
Laredo, Texas 78040
(956) 523-4951
(956) 523-5070 (Fax)
dreuthinger@webbcountytx.gov

## APPELLEE / RESPONDENT:

VICTOR MANUEL SCHUNIOR, JR.

Represented by:
ROBERTO BALLI and CLAUDIA BALLI
Balli Law Office
P.O. Box 1058
Laredo, Texas 78042-1058
Tel: (956) 712-4999
Fax: (956) 724-5830
robertoballi@sbcglobal.net

# INDEX OF AUTHORITIES

**Cases**

*Aguirre v. State,*
22 S.W.3d 463, 481 (Tex. Crim. App. 1999) .............................................14

*Bowen v. State,*
374 S.W.3d 427, 432 (Tex. Crim. App. 2012) ..........................................14

*Boykin v. State,*
818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991) ...........................4, 6, 7, 9

*Ex parte Matthews,*
933 S.W.2d 134 (Tex. Crim. App. 1996) ......................................................9

*Ex parte Salas,*
724 S.W.2d 67, 68 (Tex. Crim. App. 1987) ..................................................8

*Fantich v. State,*
420 S.W.3d 287 (Tex. App.—Tyler 2013, no pet.) ......................................6

*Griffith v. State,*
116 S.W.3d 782, 785 (Tex. Crim. App. 2003) .............................13, 15, 17

*Hall v. State,*
225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007) ......................................14

*Henson v. State,*
No. 05-97-01894-CR, 2000 WL 1123509, at *3 (Tex. App.—Dallas 2000,
   pet. ref'd) (not designated for publication) ..............................................16

*Honeycutt v. State,*
82 S.W.3d 545, 548-49 (Tex. App.—San Antonio 2002)..............12, 15, 16

*Hunter v. State,*
576 S.W.2d 395, 399 (Tex. Crim. App. 1979) ............................................8

*Irving v. State,*
176 S.W.3d 842, 845 (Tex. Crim. App. 2005) ...........................................14

*Ivey v. State,*
277 S.W.3d 43, 52 n. 51 (Tex. Crim. App. 2009) ....................................6, 8

*Marin v. State,*
891 S.W.2d 267, 271-72 (Tex. Crim. App. 1994)....................................10

*Muniz v. State,*
851 S.W.2d 238, 244 (Tex. Crim. App. 1993) ........................................12

*Ramos v. State,*
303 S.W.3d 302, 307 (Tex. Crim. App. 2009) ........................................16

*State v. Bennett,*
415 S.W.3d 867 (Tex. Crim. App. 2013) .................2, 4, 7, 9, 10, 13, 15, 17

*State v. Colyandro,*
233 S.W.3d 870, 877-78 (Tex. Crim. App. 2007).....................................10

*State v. Medrano,*
67 S.W.3d 892, 896, 901 n.22 (Tex. Crim. App. 2002) ............................10

*State v. Schunior,*
No. 04-14-00347-CR, ___ S.W.3d ___ (Tex. App.—San Antonio April 22,
2015)...............................................................................3, 6, 8, 9, 14

*Tita v. State,*
267 S.W.3d 33, 38 (Tex. Crim. App. 2008) ............................................14

*Yazdchi v. State,*
428 S.W.3d 831, 838 (Tex. Crim. App. 2014) ...........................................6

**Statutes**
TEX. CODE CRIM. PROC. art. 12.01(7) ................................................4, 12

TEX. CODE CRIM. PROC. art. 12.03(d) ...............................................4, 17

TEX. PENAL CODE § 22.05(b).............................................................16

**Rules**

Tex. R. App. P. 66.3(b), (c) ...............................................8, 11, 17

**Other Authorities**

Merriam-Webster Collegiate Dictionary (11th ed.) ...........................16

No. PD-_____

No. 04–14–00347–CR

In the Fourth Court of Appeals

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

THE STATE OF TEXAS,                                      Appellant

v.

VICTOR MANUEL SCHUNIOR JR.,                      Appellee

Appeal from Webb County

\* \* \* \* \*

**STATE'S PETITION FOR DISCRETIONARY REVIEW**
**(As Appellant)**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now the State of Texas, by and through her District Attorney, ISIDRO R. ALANIZ, through his Assistant District Attorney, David L. Reuthinger, Jr., and respectfully urges this Court to grant discretionary review of the above named cause, pursuant to the rules of appellate procedure.

1

## STATEMENT REGARDING ORAL ARGUMENT

The State requests oral argument. The State asks the Court to resolve the cliffhanger from *State v. Bennett*, 415 S.W.3d 867 (Tex. Crim. App. 2013), in which the procedural posture of that case prevented the Court from reaching the underlying issue of whether aggravated assault has a two-year or a three-year limitations period. In this case, the Appellee was charged in three of the four indicted counts for discharging a firearm in the direction of three persons within vehicles—so these aggravated-assault counts have felony deadly conduct as a lesser-included offense. Therefore, this case presents a special consideration: whether a two-year limitations period for an "aggravated" offense that has a three-year "lesser" included offense would be an absurd statutory interpretation that the Legislature could not possibly have intended. The State requests argument to illustrate this.

## STATEMENT OF THE CASE

The Appellee, Victor Manuel Schunior, Jr. was indicted for four counts of aggravated assault. The offenses are alleged to have occurred on February 19, 2011. The indictment was returned on April 17, 2013, two years and two months after the shootings occurred. All but one of the counts allege that Appellee discharged a firearm at persons as they were

2

exiting vehicles. Appellee moved for dismissal of all four counts, asserting that per Article 12.03(d), Code of Criminal Procedure, the limitations period for aggravated assault was two years and had run. The State responded that the limitations period was three years per Article 12.01(7)'s catch-all provision for "all other felonies" not listed in Article 12.01.

### STATEMENT OF PROCEDURAL HISTORY

Appellee's motion to dismiss was granted by the trial court on April 15, 2014 and the State appealed the dismissal order on April 30, 2014. On April 22, 2015, the court of appeals issued a published opinion affirming the dismissal order in its entirety. *State v. Schunior*, No. 04-14-00347-CR, ___ S.W.3d ___ (Tex. App.—San Antonio April 22, 2015) (Tab "A"). The State now seeks discretionary review from this Court.

### GROUNDS FOR REVIEW

**1) Is the limitations period for aggravated assault governed by Article 12.01(7) rather than Article 12.03(d) of the Code of Criminal Procedure?**

**2) If the limitations period for aggravated assault is governed by Article 12.03(d), does the lesser-included offense with the greater limitations period control when the lesser-included offenses of the aggravated assault include both misdemeanor assault and a felony?**

## ARGUMENT AND AUTHORITIES

This is an issue of statutory construction: is the limitations period for aggravated assault always three years because it is a felony, TEX. CODE CRIM. PROC. art. 12.01(7); or is it instead controlled by the 'aggravated same as primary crime' provision, even when the underlying assault is a misdemeanor? TEX. CODE CRIM. PROC. art. 12.03(d). As the Court knows, the issue of which article controls the limitations period for aggravated assault is contentious, and "the law is unsettled…." *Bennett*, 415 S.W.3d at 869. The court of appeals made a commendable attempt to answer this question, but it respectfully erred by breaking the ancient doctrine that "[only if] the plain language of a statute would lead to absurd results, or if the language is … ambiguous, then *and only then,* …is it constitutionally permissible for a court to consider … such *extra*textual factors as … legislative history." *Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991) (emphasis in original).

The court of appeals has also reached an unprecedented result: it is now possible for a "lesser-included" offense of an "aggravated" offense to have a *longer* limitations period than the so-called "aggravated" offense itself. The same criminal act that constitutes third-degree felony deadly conduct, which has a *three*-year limitations period, can only be charged as

4

the greater second-degree felony offense of aggravated assault if the indictment is within *two* years of the occurrence. That is backwards.

The underlying limitations issue needs to be resolved, and this is the right case. Further development of the limitations issue in the courts of appeal is unlikely. Rather, the courts are likely to follow *Fantich* and the opinion below in misapplying *Boykin* to resolve this issue unless this Court intervenes. And the second issue underscores the concerns of the Judges who favor the three-year interpretation, while providing strong evidence in its favor. Finally, this case also provides a third way: a compromise which could give effect to the Presiding Judge's argument for an Article 12.03(d) two-year interpretation, satisfy the concerns of the Judges who disagree with that interpretation, *and* avoid the absurd result reached by the court of appeals—all while ensuring that this Appellee will face justice as charged on the first three counts.

**1) Is the limitations period for aggravated assault governed by Article 12.01(7) rather than Article 12.03(d) of the Code of Criminal Procedure?**

A. *The Court of Appeals Contradicted* Boykin *By Concluding the Statutes Were Unambiguous While Using An Ambiguous-Statute Analysis To Defend That Conclusion*

There are but two *mutually-exclusive* methods for interpreting penal statutes. *Boykin*, 818 S.W.2d at 785-86 (plain text controls, and extratextual sources are consultable only if plain text is ambiguous or leads to absurd results); *Ivey v. State*, 277 S.W.3d 43, 52 n. 51 (Tex. Crim. App. 2009). "Ambiguity [in a statute] exists when the statutory language may be understood by reasonably well-informed persons in two or more different senses[.]" *Yazdchi v. State*, 428 S.W.3d 831, 838 (Tex. Crim. App. 2014). In *Bennett*, the divided Judges of this Court certainly understood these articles to be reasonably understandable in two or more different senses.

But the court of appeals, citing *Fantich v. State*, 420 S.W.3d 287 (Tex. App.—Tyler 2013, no pet.), concluded that the "statutes are **not ambiguous** and may be harmonized to give effect to the entire statutory scheme"—and that this "effect" is a two year result. Slip op. at p. 12 (emphasis added); *Fantich*, 420 S.W.3d at 290 ("Articles 12.01 and 12.03 of the code of criminal procedure are not ambiguous…."). When the

6

State's Brief pointed out that a *three*-year result was also possible under the plain-language rules, that this plus this Court's divided *Bennett* opinions proved that the statutes **were ambiguous**, and that the *Fantich* plain-language approach was therefore inapplicable pursuant to *Boykin*, the court of appeals began borrowing freely from the reasoning of Presiding Judge Keller's *Bennett* concurrence to defend *Fantich*. Slip op. at p. 13. But unlike the *Fantich* court, the Presiding Judge concluded that the statutes **are ambiguous,** and conducted an extratextual legislative-history analysis accordingly. *Bennett*, 415 S.W.3d at 878 (Keller, P.J., concurring).

Thus, by using the Presiding Judge's *Bennett* concurrence to defend *Fantich*, the court of appeals purported to hold that the statutes were **unambiguous,** while using an **ambiguous-**statute analysis to defend that conclusion. To use a respectful analogy, the venerable *Boykin* rule required the court of appeals to purchase its statutory analysis from either Peter (ambiguous/absurd statute analysis) or Paul (plain statute analysis)—but not both. *Boykin*, 818 S.W.2d at 785-86. Either the statute is ambiguous, or it is not—yet the court of appeals borrowed from Peter to pay Paul, and therefore avoided actually taking the first step in the proper statutory analysis.

7

So which is it? If the *Fantich* **unambiguous**-statute logic does not hold unless it is supported by an **ambiguous**-statute legislative-history analysis, then the statute **is ambiguous.** *See Ivey*, 277 S.W.3d at 52 n. 51. Accordingly, the court of appeals, like the *Fantich* court before it, respectfully erred in basing its reasoning on a plain-language analysis that is appropriate only for **unambiguous** statutes. Therefore, the "plain unambiguous language"[2] reasoning of *Fantich* is incorrect, as is that of the *Fantich*-based opinion of the court of appeals below. Since those courts respectfully misapplied *Boykin*, that alone is reason to grant review—and here, there is also the opportunity to reach the underlying issue on the merits. TEX. R. APP. P. 66.3(b), (c).

## B. *The Court of Appeals Did Not Consider That the Legislature Intended to Treat Aggravated Assault Differently than Aggravated Perjury and Improperly Placed the Burden on the Legislature*

The Court has provided a 30-year-old line of dicta stating that the limitations period for the specific offense of aggravated assault had "long been three years." *Ex parte Salas*, 724 S.W.2d 67, 68 (Tex. Crim. App. 1987); *see also Hunter v. State*, 576 S.W.2d 395, 399 (Tex. Crim. App. 1979). Since the statutes are ambiguous, neither *Fantich* nor the court

---

[2] Slip op. at p. 18.

below could reject the *Salas*/*Hunter* line from the statutory language alone. *See Boykin*, 818 S.W.2d at 785-86.

The court of appeals also relied on a line of dicta based upon *Ex parte Matthews*, 933 S.W.2d 134 (Tex. Crim. App. 1996), stating in dicta that the result for aggravated perjury was two years. But it does not follow that the same is true for aggravated assault. As Judge Johnson's *Bennett* concurrence pointed out, aggravated assault is different in kind from the other "aggravated" offenses that cross the misdemeanor-felony divide. *Bennett*, 415 S.W.3d at 878 (Johnson, J., concurring). The Legislature could very well have intended to except it from falling under Article 12.03(d)'s two-year rule, while still allowing 12.03(d) to operate with meaningful effect as to non-violent offenses such as aggravated perjury— answering the concerns of Presiding Judge Keller and the court below. Slip op. at p. 10 (citing *Bennett*, 415 S.W.3d at 868-69 (Keller, P.J., concurring)).

The only other argument for the two-year conclusion is from legislative history, which the court of appeals used to anchor its conclusion that Article 12.01(7) is inapplicable. *See id*. But there is no anchor. There is no express evidence in the legislative history, either for or against the

9

three-year rule; there are only unrelated amendments. *See Bennett*, 415 S.W.3d at 868-69 (Keller, P.J., concurring). So this argument is not from legislative *history* but from mere legislative *silence*. *See* slip op. at pp. 11, 16. That does not overcome the presumption that the Legislature was aware of this Court's dictum that the limitations period had 'long been three years' *under Article 12.01(7)* when making and amending the laws at issue. *State v. Colyandro*, 233 S.W.3d 870, 877-78 (Tex. Crim. App. 2007); *State v. Medrano*, 67 S.W.3d 892, 896, 901 n.22 (Tex. Crim. App. 2002) (citing *Marin v. State*, 891 S.W.2d 267, 271-72 (Tex. Crim. App. 1994)).

Since the court of appeals misapplied *Boykin*, it also skipped over the opportunity to resolve the issue by simply applying the presumption. At all times before *Fantich*, there were just two lines of dicta, only one of which actually concerns the instant offense, while also stating that its limitation period is controlled by Article 12.01(7). Accordingly, that outcome is the presumed legislative intent absent evidence to the contrary. *Colyandro*, 233 S.W.3d at 877-78. When it is silence versus a presumption, the presumption wins.

Therefore, Article 12.01(7) controls and the result is three years, because the Court has long said so, the Legislature knew that, and there is no direct legislative evidence expressly stating otherwise. *See id*. If the Appellee wants to change that, then he needs to have the opportunity to bring his objection to this Court so that the Court may correctly apply the law, including a proper *Boykin*-based statutory construction analysis, which was respectfully lacking in both the *Fantich* opinion and the one below. TEX. R. APP. P. 66.3(b), (c).

**2) If the limitations period for aggravated assault is governed by Article 12.03(d), does the lesser-included offense with the greater limitations period control when the lesser-included offenses of the aggravated assault include both misdemeanor assault and a felony?**

*A. A Limitations Period of Two Years for an Aggravated Assault That Also Constitutes "Lesser Included" Felony Deadly Conduct Is An Absurd Result*

The Appellee's first three counts charge aggravated assault with a deadly weapon, but that conduct is also lesser-included felony deadly conduct, because he discharged this firearm in the direction of persons in a vehicle. *Honeycutt v. State*, 82 S.W.3d 545, 548-49 (Tex. App.—San Antonio 2002). Felony deadly conduct has a three-year limitations period. TEX. CODE CRIM. PROC. art. 12.01(7). Under the result below, the less-grave, lesser-included offense of felony deadly conduct has *longer* limitations than its parent crime of aggravated assault. Is this a result the Legislature could even remotely have intended?

The Prime Directive of statutory interpretation is the avoidance of an absurd result that the Legislature could not have possibly intended. *Muniz v. State*, 851 S.W.2d 238, 244 (Tex. Crim. App. 1993). Judge Johnson's *Bennett* concurrence sensed that a blanket two-year result for all aggravated 'non-felony' assaults will lead to absurd results—and that concern is vindicated here. *Bennett*, 415 S.W.3d at 878 (Johnson, J.,

12

concurring). And notwithstanding its two-year result, the Presiding Judge's concurrence thought that it "seems unlikely (to say the least) that the legislature would have intended the limitation period for robbery to be longer than that for aggravated robbery." *Bennett*, 415 S.W.3d at 876 (Keller, P.J., concurring).

The Presiding Judge's conclusion is equally valid as applied to an aggravated assault that has felony deadly conduct as a lesser-included offense. In both situations, limitations on a graver offense would run before a lesser-included one arising from the same conduct. To borrow the Presiding Judge's language, it is unlikely, to say the least, that the Legislature intended for a lesser-included offense, being of a lesser degree, to have longer limitations than the greater "aggravated" offense. In other words, this is an absurd result. The reviewing court should disregard this result if there is another reasonable way to construe the statutes which yields no such absurdities. *Griffith v. State*, 116 S.W.3d 782, 785 (Tex. Crim. App. 2003).

*B. The Court of Appeals Improperly Declined to Consider the Absurd Result*

The court of appeals did not apply *Griffith* because it was convinced that its *construction* was sound under *expressio unius est exclusio alterius*. Slip op. at pp. 16-17. Whether a *construction* is reasonable is a different question than whether a *result* is. *See Aguirre v. State*, 22 S.W.3d 463, 465 (Tex. Crim. App. 1999). Therefore, any method of interpretation, including *expressio unius*, should be rejected if its use would lead to an absurd result. *See Griffith*, 116 S.W.3d at 785

The court of appeals also respectfully misapplied the law by reasoning that lesser-included offenses pled in an indictment do not exist until the jury is charged on them. Slip op. at p. 16 (citing *Irving v. State*, 176 S.W.3d 842, 845 (Tex. Crim. App. 2005)). Actually, the existence of lesser-included offenses and the tolling of limitations is controlled by the elements and facts of the greater offense as pled in the indictment. *See Bowen v. State*, 374 S.W.3d 427, 432 (Tex. Crim. App. 2012); *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). So limitations is prima facie tolled even if the indictment contains mere "innuendo allegations" as grounds for tolling. *Tita v. State*, 267 S.W.3d 33, 38 (Tex. Crim. App. 2008). Since the court of appeals agreed that "the elements

required to prove deadly conduct are the same as those required for aggravated assault[,]" the indictment did allege lesser-included deadly conduct. *Honeycutt*, 82 S.W.3d at 548. The issue presented was therefore properly before the court of appeals and was not addressed.

### C. The Absurd Result Can Be Avoided By Construing the Term "Primary" To Refer to the Most Serious Offense

If there was a reasonable way to resolve the conflict that avoids the absurd result in this case, the court of appeals should have adopted it. *Griffith*, 116 S.W.3d at 785. Here is one. Article 12.03(d) states that limitations for an "aggravated" offense is that of its "primary crime," but it does not define "primary crime." What was the 'primary' offense committed by this Appellee, who fired a gun at three people? When the only lesser-included offense in an aggravated assault is an assault, that is easy enough. But in a case in which there are multiple lesser-included offenses, there is a question about what usage of the term "primary" was intended by the Legislature.[6] Recourse to the dictionary to determine

---

[6] "Primary crime" cannot simply refer to whatever offense matches the title of the instant offense minus the word "aggravated," not only because the statute nowhere so states, but also because there exists at least one offense with no such primary crime— aggravated promotion of prostitution. "Though titled 'aggravated' in conformity with the requirements of Article 12.03(d), the aggravated promotion of prostitution does not explicitly incorporate the crime of promotion of prostitution by its Penal Code section." *Bennett*, 415 S.W.3d at 873 n.42 (Keller, P.J., concurring). Thus, it is uncertain what

15

which use of the term was intended is therefore justified *whether or not* the statute as a whole is ambiguous—and even whether or not Articles 12.03(d) and 12.01(7) even overlap or conflict at all. *See Ramos v. State*, 303 S.W.3d 302, 307 (Tex. Crim. App. 2009).

'Primary,' as in '*primary* crime,' could mean "most important[,] most basic or essential[, or]   happening or coming first[.]" Primary, MERRIAM-WEBSTER COLLEGIATE DICTIONARY (11th ed.).[7] In this case, the first three counts of the indictment state:

> [Appellant] did then and there intentionally or knowingly threaten [Victim] with imminent bodily injury by **shooting a firearm into a vehicle she was exiting**, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm, during the commission of said assault…

(CR 1). Discharging firearms in the directions of persons or at their vehicles was of such primary—as in "most important"—concern for the Legislature to put such conduct into its own felonious assaultive offense which is a lesser-included offense of aggravated assault. TEX. PENAL CODE § 22.05(b); *Honeycutt*, 82 S.W.3d at 548-49.

---

"primary crime" means as to that offense. *Id*. Since there are zero primary crimes, that offense is not controlled by Article 12.03(d). *Henson v. State*, No. 05-97-01894-CR, 2000 WL 1123509, at *3 (Tex. App.—Dallas 2000, pet. ref'd) (not designated for publication).

[7] *Available at* http://www.merriam-webster.com/dictionary/primary (last accessed May 2, 2015).

16

And by designating felony deadly conduct the "primary" (as in most important) lesser-included crime, Article 12.03(d) can be applied to reach a *three*-year result in this case, because 12.03(d) provides that the "primary crime"—most important underlying crime—controls limitations. *Id*. art. 12.03(d). Between "merely causing physical contact that another person will regard as offensive or provocative" and felony deadly conduct, the most important underlying crime in a gunfire aggravated assault is rather obvious. *Bennett*, 415 S.W.3d at 878 (Johnson, J., concurring).

This approach harmonizes Judge Johnson's concerns with the Presiding Judge's reasoning: Article 12.03(d) controls *and* the outcome under the facts of this case is a *three*-year limitations period, because the Presiding Judge agreed that an analogous situation with aggravated robbery's limitations expiring before those of its lesser-included offense would be an absurd result. *Bennett*, 415 S.W.3d at 876 (Keller, P.J., concurring). Because this result is reasonable, gives effect to both articles, and avoids the absurd result, the court of appeals should have adopted it. *Griffith*, 116 S.W.3d at 785. Discretionary review is warranted to answer this question of first impression: whether the holding reached by the court of appeals leads to an absurd result, justifying this solution. TEX. R. APP. P. 66.3(b), (c).

17

## **PRAYER FOR RELIEF**

WHEREFORE, the State of Texas prays that the Court of Criminal Appeals grant this Petition for Discretionary Review and reverse the decision of the Court of Appeals.

Respectfully submitted,

ISIDRO R. ALANIZ
DISTRICT ATTORNEY
49TH JUDICIAL DISTRICT

BY:__/s/_____
David L. Reuthinger, Jr.
Assistant District Attorney for
THE STATE OF TEXAS
Webb and Zapata Counties,
49th Judicial District
1110 Victoria St., Suite 401
Laredo, Texas 78040
(956) 523-4900 / (956) 523-5070 (Fax)
Bar No.  24053936
**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the total word count of this document, less exempt sections, as reported by the Microsoft Word word-count tool, is 2,870.

__/s/_____
David L. Reuthinger, Jr.
Attorney for Appellant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of May, 2015, the following have been completed:

(1) The petition has been electronically filed with the Clerk of the Court of Criminal Appeals in accordance with Tex. R. App. P. 68.3 as adopted by the Court of Criminal Appeals and the required number of hard copies will be mailed.

(2) A legible copy of said petition has been faxed or e-Served to:

Roberto Balli, attorney for the Appellee, P.O. Box 1058, Laredo, Texas 78042-1058, fax no. (956) 724-5830, email robertoballi@sbcglobal.net.

(3) A copy has been tendered to the State Prosecuting Attorney.

__/s/_____
David L. Reuthinger, Jr.
Attorney for Appellant



# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-14-00347-CR

The **STATE** of Texas,
Appellant

v.

Victor Manuel **SCHUNIOR**, Jr.,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2013-CRM-000371-D1
The Honorable Joe Lopez, Judge Presiding

Opinion by:　Rebeca C. Martinez, Justice

Sitting:　Karen Angelini, Justice
　　　　　Marialyn Barnard, Justice
　　　　　Rebeca C. Martinez, Justice

Delivered and Filed:　April 22, 2015

AFFIRMED

The State appeals the trial court's order dismissing its indictment against Victor Manuel

Schunior, Jr. for aggravated assault as barred by a two-year statute of limitations. The appeal

presents an unsettled issue concerning the appropriate statute of limitations for aggravated assault

and turns on the statutory interpretation of Code of Criminal Procedure articles 12.01(7) and

12.03(d) addressing the limitations periods for undesignated "other felonies" and aggravated

offenses, respectively. TEX. CODE CRIM. PROC. ANN. art. 12.01(7) (West Supp. 2014); *id.* art.

12.03(d) (West 2005). We disagree with the State's statutory interpretation and affirm the trial court's order dismissing the indictment.

## FACTS AND PROCEDURAL HISTORY

On April 17, 2013, Schunior was indicted on four counts of aggravated assault with a deadly weapon arising out of a single incident. The indictment alleges that, on or about February 19, 2011, Schunior shot a firearm into a vehicle which was occupied by three individuals and also struck one of the individuals with a firearm after he exited the vehicle. Thus, the indictment charged Schunior with four counts of aggravated assault with a deadly weapon, which is a felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011) (a person commits aggravated assault if he commits the offense of assault as defined by § 22.01, and uses or exhibits a deadly weapon during the assault); *id.* § 22.01(a) (West Supp. 2014) (a person commits assault if he intentionally or knowingly causes bodily injury to another or threatens another with imminent bodily injury).

Schunior filed a motion to dismiss and pre-trial application for habeas corpus relief asserting the prosecution was barred by limitations. Schunior argued that the interplay between articles 12.01(7) and 12.03(d) shows that the statute of limitations for aggravated assault is two years. The State argued that under its interpretation of the same statutes, the limitations period is three years. The indictment against Schunior was filed two years and two months after the date of the commission of the offense. After a hearing, the trial court ruled that the statute of limitations for aggravated assault is two years, and granted Schunior's request for habeas corpus relief and dismissed the indictment with prejudice. The State now appeals.

## LIMITATIONS PERIOD FOR AGGRAVATED ASSAULT

"The purpose of a statute of limitations in the criminal context is to protect the accused from having to defend against stale criminal charges and to prevent punishment for acts committed in the remote past." Dix and Schmolesky, 40 TEX. PRAC. SERIES § 6:1 (3rd ed. 2011); *see*

*Hernandez v. State*, 127 S.W.3d 768, 772 (Tex. Crim. App. 2004). There is no common-law requirement of a limitations period; it is solely a legislative creation. *Vasquez v. State*, 557 S.W.2d 779, 781 (Tex. Crim. App. 1977). An indictment must allege the offense in plain and intelligible words and must reflect on its face that the prosecution is not barred by limitations. TEX. CODE OF CRIM. PROC. ANN. art. 21.02(6), (7) (West 2009); *Tita v. State*, 267 S.W.3d 33, 38 (Tex. Crim. App. 2008). A defendant may use a pretrial writ of habeas corpus to challenge the trial court's jurisdiction if the face of the indictment shows that prosecution is barred by the statute of limitations. *Ex parte Smith*, 178 S.W.3d 797, 802 (Tex. Crim. App. 2005). A statute of limitations is construed strictly against the State and liberally in favor of the defendant. *Gallardo v. State*, 768 S.W.2d 875, 880 (Tex. App.—San Antonio 1989, pet. ref'd). If it appears the alleged offense is barred by limitations, then the State must plead and prove factors tolling the limitations period. *Vasquez*, 557 S.W.2d at 783.

Article 12.01 of the Code of Criminal Procedure sets out six different limitations periods for felony offenses, ranging from no limitations for offenses like murder to a three-year limitations for all felonies for which there is no specific provision in the Code of Criminal Procedure or other statute. TEX. CODE CRIM. PROC. art. 12.01 (West Supp. 2014). Article 12.03 of the Code of Criminal Procedure provides four specific rules for determining the limitations period in special circumstances: criminal attempts; conspiracies and organized criminal activity; criminal solicitations; and aggravated offenses. *Id.* art. 12.03 (West 2005). The limitations provisions in article 12.01 are expressly made subject to the special provisions in article 12.03. *Id.* art. 12.01 ("Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward . . . ."). The four special provisions in article 12.03 state that the limitations period is determined by looking to the underlying offense: the offense attempted for criminal attempt; the "most serious offense that is the object of" the conspiracy or organized criminal

activity; the felony solicited for criminal solicitation; and the "primary crime" for aggravated offenses. *Id.* art. 12.03(a)-(d).

Commentators have acknowledged that article 12.03(d) pertaining to aggravated offenses "is in conflict with the 'residuary' felony limitation period [article 12.01(7)] in at least two instances"—the two aggravated felonies of aggravated assault and aggravated perjury. Dix and Schmolesky, 40 TEX. PRAC. SERIES § 6:29 (3rd ed. 2011). For these two aggravated felony offenses, the underlying primary offenses of assault and perjury are misdemeanors in most instances. *See* TEX. PENAL CODE ANN. § 22.01(b), (b–1), (c) (West Supp. 2014) (classifying most assaults as various classes of misdemeanor, but classifying some as second or third degree felonies based on the type of victim, e.g., assault against a public servant in the course of official duty is a third degree felony, while assault involving dating or family violence is a second degree felony); *see also id.* § 37.02 (West 2011) (classifying perjury as a Class A misdemeanor). The limitations period for all misdemeanor offenses is two years. TEX. CODE CRIM. PROC. ANN. art. 12.02 (West Supp. 2014). Thus, there is arguably a conflict between article 12.03(d)'s special "aggravated offense" provision which looks to the underlying "primary offense" and yields a two-year limitations period for aggravated assault and aggravated perjury, and article 12.01(7)'s catch-all provision for undesignated felonies which yields a three-year limitations period if applied to those aggravated felonies. The relevant text of the two articles is set forth below:

Article 12.01 states in relevant part:

Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward:
   \*\*\*
   (7) three years from the date of the commission of the offense: all other felonies.

TEX. CODE CRIM. PROC. ANN. art. 12.01(7).

Article 12.03 states in relevant part:

(d) Except as otherwise provided by this chapter, any offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime.

TEX. CODE CRIM. PROC. ANN. art. 12.03(d).

As quoted above, article 12.03(d) contains an introductory clause providing an exception for limitations otherwise provided by Chapter 12. *Id.* The legislature added this "except" clause to article 12.03(d) in 1997. In their treatise, Professors Dix and Schmolesky characterize the "intent of the amendment [as] unclear," but conclude that, "it seems unlikely it was intended to change the general rule that an aggravated offense carries the same period as the primary offense even when the primary offense is a misdemeanor and the aggravated offense is a felony." *See* 40 TEX. PRAC. SERIES § 6:29.[1]

### *Statutory Construction Principles*

Statutory interpretation is a question of law which we review de novo. *Nguyen v. State*, 359 S.W.3d 636, 641 (Tex. Crim. App. 2012). In construing a statute, we seek to give effect to the legislature's intent and we presume that it intended the entire statutory scheme to be effective. TEX. GOV'T CODE ANN. § 311.021 (West 2013); *Price v. State*, 434 S.W.3d 601, 605 (Tex. Crim. App. 2014). We begin by focusing on the literal text of the statute in an effort to "discern the fair, objective meaning of that text at the time of its enactment." *Nguyen*, 359 S.W.3d at 642; *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). In doing so, we also look to the other provisions within the entire statutory scheme rather than merely the single, discrete provision at issue. *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012). If the statutory language is clear and unambiguous, our analysis ends there because "the Legislature must be understood to

---

[1] Professors Dix and Schmolesky note that the 1997 amendment's addition of the "except" clause to article 12.03(d) was part of SB 921 which created special limitations periods for sexual assault of a child and aggravated sexual assault of a child, as well as indecency with a child by contact. 40 TEX. PRAC. SERIES § 6:29. They speculate that the "except" clause may have been viewed as necessary, under the provisions in effect in 1997, to retain a five-year limitations period for sexual assault while placing aggravated sexual assault of a child in the special 10-year limitations category. *Id.*

mean what it has expressed, and it is not for the courts to add or subtract from" a statute. *Boykin*, 818 S.W.2d at 785; *Bays v. State*, 396 S.W.3d 580, 584-85 (Tex. Crim. App. 2013).

However, if the language is ambiguous or would lead to an absurd result that the legislature could not have intended, then we consider extra-textual factors to determine the legislature's intent. *Price*, 434 S.W.3d at 607 (considering de novo several extra-textual factors after concluding the statute was ambiguous); *Bays*, 396 S.W.3d at 585 (ambiguity exists when reasonably well-informed persons may understand a statute to have two or more different meanings). Such extra-textual factors include the legislative history, laws on the same or similar subjects, and the consequences of a particular interpretation. *See* TEX. GOV'T CODE ANN. § 311.023 (West 2013); *see also Bays*, 396 S.W.3d at 585.

A corollary of statutory construction is that when a general statutory provision conflicts with a special provision, the court must construe the provisions to give effect to both, if possible. TEX. GOV'T CODE ANN. § 311.026(a) (West 2013). If the conflict is irreconcilable, however, then the more specific provision prevails as an exception to the general. *Id.* § 311.026(b) (West 2013); *see Bays*, 396 S.W.3d at 590; *see also Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim. App. 1988) (discussing the *in pari materia* rule of statutory construction which requires all parts of a statutory scheme on a same or similar subject to be given effect and construed in harmony with each other, and further requires a more detailed provision to prevail over a more general provision in the event of an irreconcilable conflict). There is an exception to this principle of a specific provision prevailing over a general provision—when the general provision is the later enactment and the Legislature's "manifest intent" is that the general provision prevails. TEX. GOV'T CODE ANN. § 311.026(b); *Cheney*, 755 S.W.2d at 126.

### *State's Argument For Three-Year Limitations*

In its brief, the State proposes three alternative approaches which yield a three-year limitations period for aggravated assault. First, the State asserts the statutes are not ambiguous and may be interpreted and harmonized according to their plain language. The State contends the "all other felonies" language of article 12.01(7) provides the statute of limitations (three years) for aggravated assault due to the "except" clause in article 12.03(d). The State relies on the text of article 12.03(d)'s "except" clause which expressly limits the scope of article 12.03(d) to aggravated offenses not otherwise addressed by Chapter 12. Even though it does not have a designated statute of limitations under article 12.01, the State asserts aggravated assault *is* "otherwise addressed" by article 12.01(7)'s catch-all provision; therefore, article 12.03(d) does not apply. The State further relies on the line of cases referring to a three-year limitations period for aggravated assault. *See, e.g., Hunter v. State*, 576 S.W.2d 395, 399 (Tex. Crim. App. 1979); *Ex parte Salas*, 724 S.W.2d 67, 68 (Tex. Crim. App. 1987).

Secondly, the State argues in the alternative that the statutes are ambiguous, and we must therefore look to the legislative history at the time of the 1997 amendment adding the "except" clause to article 12.03(d), which shows the amendment was made against a backdrop of judicial decisions stating the limitations period for aggravated assault is three years. The State asserts that because the legislature is presumed to have knowledge of the judicial opinions applying a three-year limitations period at the time of the 1997 amendment, it is presumed to have ratified the three-year limitations period by choosing not to change it. *See State v. Colyandro*, 233 S.W.3d 870, 877-78 (Tex. Crim. App. 2007) (discussing the principle of legislative ratification of a statutory construction).

Finally, the State contends that, even if not ambiguous, article 12.03(d)'s language leads to an absurd result the legislature could not have intended, i.e., a two-year limitations period for the

violent offense of aggravated assault while a lesser-included offense such as felony deadly conduct carries a longer, three-year limitations period. *See Boykin*, 818 S.W.2d at 786 (legislature does not intend an absurd result); *see also Honeycutt v. State*, 82 S.W.3d 545, 548-49 (Tex. App.—San Antonio 2002, pet. ref'd) (holding felony deadly conduct was lesser-included offense of aggravated assault). The State asserts that, due to the absurdity of a two-year limitations period for the serious offense of aggravated assault, a three-year limitations period should be applied in accordance with article 12.01(7)'s catch-all provision and prior judicial opinions.

The State also makes an alternative argument that if article 12.03(d) controls, the legislative intent was that the "most severe" underlying offense is the "primary crime" that provides the limitations period for the aggravated offense. Because felony deadly conduct is a lesser-included offense of aggravated assault and is a more severe offense than simple assault, the State asserts its three-year limitations period should be the limitations period for aggravated assault, instead of the two-year limitations period for misdemeanor assault. *See* TEX. PENAL CODE ANN. § 22.05(b), (e) (West 2011) (offense under subsection (b) is a third degree felony).

### *Texas Court of Criminal Appeals*

In 2013, the Court of Criminal Appeals itself acknowledged the unsettled nature of the law as to which limitations period applies to aggravated assault: article 12.03(d)'s limitations period for crimes characterized as "aggravated" which applies the limitations period of the primary underlying crime, **or** the three-year limitations period under the catch-all provision that applies to all felonies not specifically enumerated within article 12.01. *State v. Bennett*, 415 S.W.3d 867, 869 (Tex. Crim. App. 2013) (declining to hold counsel deficient for failing to pursue a limitations defense because the law is unsettled on the limitations period for aggravated assault). The Court of Criminal Appeals issued *Bennett* on November 27, 2013 with a six-judge majority, plus three separate concurring opinions and two dissenting opinions. The majority opinion recognized that

the court has "not spoken with one voice on the matter" of the limitations period for aggravated assault. *Id.* The court referenced its prior opinions in *Ex parte Salas* and *Hunter v. State*, noting it stated in dicta that the limitations period for aggravated assault "has long been three years." *Id.*; *see Ex parte Salas*, 724 S.W.2d at 68; *Hunter*, 576 S.W.2d at 399. The court also cited its more recent opinion in *Ex parte Matthews* in which it stated the limitations period for aggravated perjury is two years based on article 12.03(d)'s direction to look to the limitations period for the underlying offense. *Bennett*, 415 S.W.3d at 869; *see Ex parte Matthews*, 933 S.W.2d 134, 136 (Tex. Crim. App. 1996), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998). The majority held that because "the particular statute-of-limitations question presented here is unsettled," trial counsel could not be ineffective for failing to take a particular action on an issue that is unsettled. *Bennett*, 415 S.W.3d at 869. Because ineffective assistance was the only issue before the court, the majority concluded it was prevented from resolving the underlying statute-of-limitations issue. *Id.*

In a concurring opinion, Presiding Judge Keller agreed with the majority that the law is unsettled and thus could not support an ineffective assistance claim, but wrote separately to explain why she believes the applicable limitations period for aggravated assault is two years based on the plain statutory language and legislative history of article 12.03(d). *Id.* at 878 (Keller, P.J., concurring). Judge Keller first noted that all of the court's prior caselaw on the limitations period for aggravated assault is dicta and thus has no precedential value. *Id.* at 871-72 (stating "we are essentially operating on a clean slate"). She then applied the principles of statutory construction to the plain language of the two statutes. Judge Keller looked first at the pre-1997 versions of article 12.01(7) and 12.03, noting that most of the relevant statutory scheme was in place before the 1997 amendment to subsection (d) of article 12.03. *Id.* at 872. Construing the text of article 12.01, Judge Keller stated that the plain meaning of the "[e]xcept as provided in Article 12.03"

clause that introduces article 12.01 suggests that "the provisions of Article 12.03 trump any provisions found in Article 12.01." *Id.* Noting that the only area of conflict between the two statutes is with respect to the three-year catch-all provision in article 12.01(7), Judge Keller concluded, "The import of this ["except"] language, then, is that the catch-all provision applies to unlisted felonies unless the felony is covered by the provisions of Article 12.03. Because aggravated assault is an 'aggravated' offense, the plain language of the statute, at least prior to 1997, seems to dictate that Article 12.03(d) applies rather than the three-year catch-all provision." *Id.*

Judge Keller then focused on the legislative history and statutory framework in place at the time of the 1997 amendment, stating that, "The express purpose of adding the 'except' phrase to Article 12.03(d) was to give effect to the explicit ten-years-from-eighteenth-birthday limitation period for aggravated sexual assault of a child in Article 12.01." *Id.* at 875. Keller concluded that, "Article 12.03(d)'s 'except' clause was designed specifically to apply to *listed* offenses," not the residuary offenses covered by article 12.01(7). *Id.* She further stated it would be "plainly illogical" to read article 12.03(d)'s "except" clause as applying to the offenses that fall within the three-year catch-all provision because it "would eviscerate the latter provision [article 12.03(d)] entirely." *Id.* at 875-76 ("Article 12.03(d) would have zero application."). Keller also stressed the importance of the fact that the legislature has explicitly set out exceptions for aggravated sexual assault and aggravated kidnapping in article 12.01, but has not done so for aggravated assault. *Id.* at 876.

Judge Price wrote separately to explain his concurrence with Judge Keller's statutory analysis based on the plain language and legislative history and with her conclusion that the applicable statute of limitations for aggravated assault is two years under article 12.03(d). Judge Price's dissent is based on the belief that trial counsel was ineffective by failing to seek

dismissal of the indictment based on the two-year limitations bar. *Id.* at 879 (Price, J., concurring/dissenting).

Judge Cochran concurred, agreeing with the majority that trial counsel was not ineffective because the law is unsettled as to the applicable limitations period for aggravated assault. *Id.* at 881 (Cochran, J., concurring). Judge Cochran went on to express an opinion that the applicable limitations period is three years under the "catch-all" provision of article 12.01(7). *Id.* Judge Cochran acknowledged that "only the Texas Legislature can finally and firmly resolve this quandary because Article 12.03(d) does appear to contradict Article 12.01(7)." *Id.* She suggested an "easy legislative fix" by changing the names of the offenses from "aggravated" assault and "aggravated" perjury to "felony" assault and "felony" perjury, which would bring them squarely within the three-year limitations period provided by article 12.01(7)'s catch-all for undesignated felonies. *Id.*

Judge Johnson wrote separately to express agreement with the majority's result based on the unsettled state of the law, and to state an opinion that the appropriate statute of limitations for aggravated assault is three years because a two-year limitations period for the violent offense of aggravated assault is an absurd result the legislature could not have intended. *Id.* at 879 (Johnson, J., concurring). The State relies on Judge Johnson's statement that, "Surely the legislature did not intend that a serious, violent felony would have the same statute-of-limitations term as a misdemeanor that may involve merely causing physical contact that another person will regard as offensive or provocative." *Id.* at 879.[2]

---

[2] Judge Meyers dissented, stating his disagreement with the majority's holding that it was an abuse of discretion for the trial court to grant a new trial. Meyers stated that because the law is unsettled on the statute of limitations question, it was proper for the trial court to grant a new trial. *Id.* at 885 (Meyers, J., dissenting).

*Analysis*

As pointed out by the State, we have previously stated that aggravated assault with a deadly weapon carries a three-year limitations period. *See Hernandez v. State*, No. 04-97-00956-CR, 1998 WL 374931 (Tex. App.—San Antonio Jul. 8, 1998, no pet.) (not designated for publication). However, *Hernandez* merely stated that the statute of limitations is three years and engaged in no analysis of limitations, citing only the "all other felonies" provision of article 12.01 as authority. *Id.* at *1. The single issue in *Hernandez* was whether the limitations period was tolled. *Id.* The opinion engaged in no analysis concerning the applicable limitations period for aggravated assault, and it was not necessary to the holding in the case; thus, the reference to a three-year limitations period in *Hernandez* was merely dicta and is not binding precedent. *See Celis v. State*, 416 S.W.3d 419, 429 (Tex. Crim. App. 2013) (dicta is not binding). Other courts of appeals have similarly stated, without any analysis, that the limitations period for aggravated assault is three years based on article 12.01(7). *See, e.g., Lenox v. State*, No. 05-10-00618-CR, 2011 WL 3480973, at *7 (Tex. App.—Dallas Aug. 9, 2011, pet. ref'd) (not designated for publication) (stating limitations is three years while addressing ineffective assistance claim based in part on failure to challenge indictment as time-barred); *Monroe v. State*, 871 S.W.2d 801, 805 (Tex. App.—Houston [14th Dist.] 1994), *abrogated on other grounds by State v. Hight*, 907 S.W.2d 845 (Tex. Crim. App. 1995) (referring to three-year statute of limitations for aggravated assault); *Peacock v. State*, 690 S.W.2d 613, 616 (Tex. App.—Tyler 1985, no pet.) (stating the statute of limitations for aggravated assault is three years and citing article 12.01).

Conducting a de novo review of the two statutes at issue and looking first to the plain language of the statutes, we conclude the statutes are not ambiguous and may be harmonized to give effect to the entire statutory scheme. Article 12.01 begins with the introductory phrase "[e]xcept as provided in Article 12.03 . . . ." TEX. CODE CRIM. PROC. ANN. art. 12.01. We are

bound to give this restrictive, plain language its objective meaning that the provisions of article 12.01 are *subject to* the provisions of article 12.03. The logic of this reading is confirmed by the fact that article 12.03(d) is the more specific provision, applying only to "aggravated" offenses, while article 12.01(7) is a general catch-all provision that applies to "all other felonies" without designated limitations periods. *See Bays*, 396 S.W.3d at 590; *see also* 40 TEX. PRAC. SERIES § 6:29 ("In all likelihood . . . the specific provisions of the special rule dealing with aggravated offenses would control over the more general residuary provision [of article 12.01(7)]; therefore the misdemeanor two-year period, rather than the felony three-year period, would apply."). Further, we agree with Schunior that the "[e]xcept as otherwise provided by this chapter" phrase added to article 12.03(d) in 1997 logically refers not to the residuary limitations period in 12.01(7), but to the aggravated offenses that do have a designated limitations period within Chapter 12, to wit: aggravated sexual assault which has no limitation under article 12.01(1)(B), and aggravated kidnapping which has a 20-year limitations period from the victim's 18th birthday under article 12.01(5)(B). *See Bennett*, 415 S.W.3d at 875 (Keller, P.J., concurring). The legislature is presumed to have intended both statutes to have effect and our interpretation is to be made in light of the statutory scheme as a whole. *Bays*, 396 S.W.3d at 584; *Mahaffey*, 364 S.W.3d at 913. If, as the State urges, we construe the "except" phrase of article 12.03(d) as referring to the residuary "all other felonies" provision of article 12.01(7), it would render article 12.03(d) completely meaningless. Under the State's interpretation, article 12.03(d)'s special provision for "aggravated" offenses, felonies themselves, would always be trumped by the "all other felonies" provision of article 12.01(7). *See Bennett*, 415 S.W.3d at 876 (Keller, P.J., concurring). The State's interpretation also ignores the introductory phrase in article 12.01 expressly stating that it is *subject to* the more specific provisions in article 12.03.

The Tyler Court of Appeals is the only court that has squarely addressed the interplay between articles 12.01(7) and 12.03(d) with regard to the appropriate limitations period for aggravated assault.[3] *See Fantich v. State*, 420 S.W.3d 287 (Tex. App.—Tyler 2013, no pet.). The entire *Fantich* opinion is devoted to analyzing the issue of "whether the limitation period for the offense of aggravated assault is two or three years." *Id.* at 288-89. The court applied the well-established principles of statutory construction to the statutes' plain language, and concluded there is no ambiguity. *Id.* at 290. The court stressed that aggravated assault does not have a designated limitations period and that article 12.01 expressly refers to article 12.03. *Id.* at 289. The court then applied the language of 12.03(d) to determine the correct limitations period, stating that the "primary crime" of aggravated assault is assault as defined in Penal Code section 22.01. *Id.* at 290. The court examined the indictment and concluded that it did not allege any facts that would make the primary crime a felony assault, as opposed to a misdemeanor assault. *Id.* at 291. It therefore concluded that misdemeanor assault was the "primary crime" of the aggravated assault alleged in the indictment, and that the two-year limitations period for a misdemeanor assault applied to the aggravated assault under article 12.03(d). *Id*.

We find the court's reasoning in *Fantich* sound and equally applicable to Schunior's case in which the facts alleged in the indictment support only misdemeanor assault as the primary underlying offense, and thus require application of a two-year limitations period pursuant to article 12.03(d). The State attacks *Fantich* by arguing the opinion failed to undertake the analysis necessary for a court to overrule its own precedent. We disagree that such analysis is necessary where the prior "precedent" regarding the limitations period was merely dicta as in our *Hernandez*

---

[3] An unpublished opinion by the Amarillo Court of Appeals similarly stated that the two-year limitations for misdemeanor assault applies to aggravated assault under article 12.03(d), but did not engage in any analysis because the relevant issue was a tolling question. *Moore v. State*, No. 07-10-00369-CR, 2012 WL 3100904, at *1 (Tex. App.—Amarillo July 31, 2012, no pet.) (mem. op., not designated for publication).

- 14 -

opinion. *See id.* at 293 (noting that in *Peacock v. State*, 690 S.W.2d 613, 616 (Tex. App.—Tyler 1985, no pet.), it had previously stated the limitations period for aggravated assault is three years in connection with a different issue and with no analysis, only a citation to article 12.01).

We further disagree with the State that the application of article 12.03(d) to yield a two-year limitations period for aggravated assault based on misdemeanor assault as the underlying primary offense is an absurd result. As aggravated perjury and aggravated assault are the only two felonies that fall into the overlap between the three-year catch-all for "all other felonies" in article 12.01(7) and the two-year special provision for aggravated offenses in article 12.03(d), it is logical to apply the same analysis. In *Ex parte Zain*, we held that the offense of aggravated perjury is governed by a two-year period of limitations under article 12.03(d). *Ex parte Zain*, 940 S.W.2d 253, 254 (Tex. App.—San Antonio 1997, no pet.) (holding prosecution was time barred and not tolled during defendant's absence from the state). The opinion applied article 12.03(d) and stated that because the charged offense was an aggravated offense, its limitations period was the same as the primary crime, which was misdemeanor perjury with a two-year limitations period. *Id.* at 253-54. The *Zain* opinion relied solely on the language of article 12.03(d); because no argument was made concerning article 12.01(7)'s application, we did not address the catch-all felony provision in article 12.01(7). *Zain* cites to *Ex parte Matthews*, an aggravated perjury case addressing tolling based on a defendant's absence from the state. *Id.* at 254 (citing *Ex parte Matthews*, 933 S.W.2d 134 (Tex. Crim. App. 1996), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998)). In *Matthews*, the Court of Criminal Appeals stated, albeit in dicta, that, "[i]n the instant cause of *aggravated* perjury the period is *two* years, that being the same period as perjury." *Ex parte Matthews*, 933 S.W.2d at 136 (citing article 12.03(d)). After *Zain*, the Houston First Court of Appeals similarly held that aggravated perjury has a two-year limitations period pursuant to article 12.03(d). *See State v. Coleman*, 962 S.W.2d 267, 268 (Tex. App.—Houston

[1st Dist.] 1998, pet. ref'd) (citing *Ex parte Zain* and the same dicta from *Ex parte Matthews*); *see also Ex parte Tamez*, 4 S.W.3d 854, 856 (Tex. App.—Houston [1st Dist.] 1999), *aff'd*, 38 S.W.3d 159 (Tex. Crim. App. 2001) (same). In addition, *Fantich* similarly explained why a two-year limitations period for aggravated assault is not an absurd result by relying on the same line of aggravated perjury cases. *Fantich*, 420 S.W.3d at 291-92 (discussing *Ex parte Matthews* and *Ex parte Zain* among other cases). We agree with the Tyler court that "the more persuasive authority and rationale" is found in the *Ex parte Matthews/Ex parte Zain* line of cases addressing limitations for aggravated perjury because "[t]his line of authority gives full effect to [both] articles 12.01 and 12.03, recognizes the interplay between them, applies their plain meaning, and confirms our conclusion that a two year limitations period for an aggravated offense with a misdemeanor as its primary crime does not cause an absurd result." *Id.* at 293. We therefore conclude that application of article 12.03(d) to yield a two-year limitations period for aggravated assault in this case is not an absurd result.[4]

Finally, we disagree with the State's assertion, based on the *Bennett* concurrences by Judges Cochran and Johnson, that the legislature intended that the "most serious underlying offense" should provide the limitations period for an aggravated offense under article 12.03(d). *See Bennett*, 415 S.W.3d at 884 (Cochran, J., concurring); *see also id.* at 878 (Johnson, J., concurring). Rather than using the term "primary crime," the legislature could have specified in article 12.03(d) that the "most serious offense" underlying the aggravated offense provides the limitations period. Indeed, it used that exact language with regard to criminal conspiracy and organized criminal activity in subsection (b). *See* TEX. CODE CRIM. PROC. ANN. art. 12.03(b)

---

[4] As noted *supra*, there are instances in which the facts alleged in an aggravated assault indictment will support a primary offense of felony assault, rather than misdemeanor assault. However, the indictment against Schunior does not allege any facts that can support felony assault as the primary offense.

(providing "[t]he limitation period for criminal conspiracy or organized criminal activity is the same as that of the most serious offense that is the object of the conspiracy or the organized criminal activity"). Instead, the legislature chose to use the term "primary offense" in subsection (d) addressing aggravated offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 12.03(d). Because the statute itself demonstrates that the legislature recognized a difference between the term "primary crime" and the term "most serious offense," the legislature's express use of the term "primary crime" in subsection (d) is an express exclusion of the term "most serious offense." *Ex parte McIver*, 586 S.W.2d 851, 856 (Tex. Crim. App. [Panel Op.] 1979) ("It is a well-known rule of statutory construction . . . that the express mention or enumeration of one person, thing, consequence, or class is tantamount to an express exclusion of all others."); *see Cornet v. State*, 359 S.W.3d 217, 222 (Tex. Crim. App. 2012) (explaining that "when the Legislature desires to convey a certain level of specificity within a statutory provision, it knows how to do it") (internal citations omitted).

Further, we note that the trial court's dismissal of the State's indictment arose in the form of a ruling on Schunior's pre-trial writ of habeas corpus; no evidence has been presented in this case. We have only the allegations in the indictment on which to base our consideration of the "primary crime" underlying the charged aggravated assault with a deadly weapon. The indictment does not allege any facts that would support felony assault, rather than misdemeanor assault, as the "primary crime" of the charged aggravated assault. *See* TEX. PENAL CODE ANN. § 22.01. Further, the State chose not to charge Schunior with any lesser offense, only aggravated assault with a deadly weapon. The State argues that because felony deadly conduct constitutes a lesser-included offense of aggravated assault with a deadly weapon, it should be used as the "primary crime" for purposes of limitations. *See Honeycutt*, 82 S.W.3d at 548-49. The determination of the limitations period for aggravated assault under article 12.03(d) cannot depend on potential

- 17 -

lesser-included offenses whose submission in the jury charge might be warranted by the facts developed through a trial. *See Irving v. State*, 176 S.W.3d 842, 845 (Tex. Crim. App. 2005) (defendant is entitled to lesser-included offense instruction in jury charge if (1) the requested charge is a lesser-included offense of the offense charged, and (2) there is some evidence that if defendant is guilty, he is guilty only of the lesser offense).

## CONCLUSION

Construing the plain unambiguous language of the statutes within the context of the entire statutory scheme, and giving effect to both statutes, we hold that article 12.01(7)'s catch-all provision is subject to the more specific provisions of article 12.03(d), which results in a two-year statute of limitations for aggravated assault under the indictment in this case. Therefore, the State's prosecution of Schunior for aggravated assault with a deadly weapon is barred by limitations.[5] We affirm the trial court's order dismissing the State's indictment.

Rebeca C. Martinez, Justice

PUBLISH

---

[5] The State has not attempted to plead or prove any factors tolling the limitations period. *See Vasquez*, 557 S.W.2d at 783.